Judge Marshall
delivered the Opinion of the Court.
The plaintiff in this case, who was defendant in an action of replevin between the same parties, having issued a writ de retomo habendo, upon the failure of the plaintiff in replevin to establish his right, and the sheriff having in fact taken possession of the property replevied under that writ: it is the opinion of the Court that the condition of the bond for returning the property is substantially complied with. The effect and object of that condition is, that the obligors shall have the property forthcoming, to be delivered to the obligee in the event of the plaintiff’s failure to establish his-right, and the writ de retorno habendo is a proper mode of demanding the delivery. The possession of the property by the sheriff, under that writ, is in truth the possession of the party who sues out the writ, and he cannot, after such possession, say the obligor has failed to make return of it. If it were admitted that the obligor in the bond was bound to seek the obligee, and make personal delivery of the property, he must have reasonable time for so doing, and if before the lapse of such reasonable time the writde retorno habendo is resorted to by the plaintiff, the delivery under that writ must still be a discharge of the obligation, since it is by the election of the obligee. This appears to have been the fact in the present case.
As the decisions of the Circuit Court, upon all the points presented by the pleadings, were in accordance with this view of the rights and duties of the parties— which in fact determines every question presented ill the record, a particular statement of the pleadings is unnecessary.
The judgment is affirmed.