## CASSIN *v.* MARSHALL.

V., ABOUT to fail, sells his saloon, stock and fixtures to C.; and, in payment, C. surrenders to V. two of his notes—the property of S., who had transferred them to C. for him "to get the money for her," S.—and also assumed certain debts due by V. to his creditors. C. advertises the property for sale at public auction; and, just as the sale is to take place, defendant, as Sheriff, attaches the property in the hands of C., and in due time sells it : *Held,* in suit by C. against deferidant for damages, that defendant cannot inquire whether C. properly or improperly used the notes of V. owned by S.; that if S. does not complain of the use made of her notes, defendant cannot inquire into the consideration of the contract with V. founded on the notes.

*Held, further,* that this case does not come within the principle of *Taylor* v. *Robinson* (14 Cal. 396).

Where, in such case, the Court charged the jury : "In estimating the value of the property, you will take as the basis of your verdict the cash value of the articles in the market at the time they were taken out of the possession of plaintiff by defendant. What amount of money will it take in the market to replace the articles seized by the Sheriff? That sum will be the measure of damages :" *Held,* that the latter part of the charge must be taken in connection with the first portion, and that both together give the true standard of damages.

*Held, further,* in this case, that it was not competent for defendant to show, as a measure of damages, that the property, when sold by the Sheriff, "brought full and fair auction prices;" or to show what the property sold for at the Sheriff's sale ; or that he was instructed by the attaching creditor to employ a competent auctioneer to make the sale, and that he obeyed such instruction.

The judgment, in this case, being entered for the value of the goods as found by the jury, with ten per cent. *per month* interest thereon : *Held,* to be erroneous in giving interest at a greater rate than ten per cent. *per annum.*

*Held, further,* that the judgment will be modified as to the interest, and then be permitted to stand, at appellant's cost, on the principle, that where the Supreme Court modifies the judgment below for an apparent error, which appellant might have had corrected below, on motion, respondent will not be taxed with costs.

APPEAL from the Sixth District.

Suit against a Sheriff for damages for an illegal seizure and sale of plaintiff's property.

On the ninth of February, 1860, Joseph Virgo, who was insolvent, sold his saloon and bar fixtures, liquors, etc., to Cassin and Covey, and delivered them possession under the following circumstances : On said day, Folsom, the barkeeper of Virgo, held two of his notes, one dated about six months previously, for three hundred and twenty dollars, and the other dated Feb. 9th, for two

hundred and sixty-eight dollars and sixty-three cents, both payable on demand. Virgo also owed Covey three hundred dollars; and Covey, hearing that he was about to sell to Cassin, applied for security for his claim. The result was, Virgo then sold to Cassin and Covey, the consideration being the Folsom notes, the Covey debt, and a promise on the part of the vendees to pay three hundred and eleven dollars to certain other creditors of Virgo—making a consideration of $1,200 for the bill of sale given. Before the consummation of the sale, Folsom had transferred his two notes to Sarah J. Carroll, and she had indorsed on each of them: "Feb. 9th, 1860. I hereby transfer this note to Stephen J. Cassin. Sarah J. Carroll." And Cassin having the notes, surrendered them to Virgo at the time of the sale.

Covey sold his interest to Cassin, in a few days, for one hundred dollars. Soon afterwards Cassin advertised the property for sale at public auction. At the time the auction was about to commence, Frey, a creditor of Virgo, attached the property, and took possesion through defendant Marshall, as Sheriff. The Sheriff subsequently sold the stock and paid the proceeds to Frey.

On the trial, Cassin, who was put on the stand by defendant, testified, among other things, that Miss Carroll " gave me the notes to get the money for her; " that he did not " give her any obligation therefor "—" didn't agree to pay her any interest; " that "she had nothing but his word therefor," and that he did not know how much he now owed her—may be $1,000; that he owed her " the balance of these notes; " that at the time he had $3,000 or $4,000 of his own money in the bank. Neither Cassin nor Covey ever paid the three hundred and eleven dollars to the other creditors.

On the trial, defendant offered to show, in order to establish a measure of damages, that the property, when sold by the Sheriff, brought full, fair auction prices; and also to show what it actually brought; also that he was instructed by Frey to employ a competent auctioneer to sell the property, and did so. Ruled out; defendant excepting.

The Court charged the jury as stated in syllabus No. 3. The jury found for plaintiff, fixing the value of the property at $1,394.

Judgment was entered for $1,357, with interest thereon from date at ten per cent. per month.

Defendant made a motion for new trial, but did not object to the judgment for any error in interest. Overruled. Defendant appeals.

*Winans*, for Appellant.

I.   Plaintiff had no authority from his principal, Carroll, to purchase the property sued for with her notes given him to collect in money, nor did she ratify his purchase, and it was void against subsequently attaching creditors. (*Taylor* v. *Robinson*, 14 Cal. 396.)

II.   The judgment does not correspond with the verdict. The verdict was for $1,394.89, and the judgment, which was entered at once, was for $1,357.37. (Pr. Act. sec. 197.)

III.   The judgment is erroneous in allowing interest at ten per cent. per month.

IV.   The Court erred in ruling that the measure of damages was what the articles could be replaced for in the market. If plaintiff did not by his own act establish an inferior measure, the proper and legal measure of damages would be the market value of the articles. There is a wide distinction between the value of property and its cost price. The present value may differ materially from " what it would cost to replace the article." The article may be old and imperfect, and could only be replaced by a new article. Besides, it might be incapable of replacement, except at great expense.

The true rule of damages in such cases is the value of the property at the time it was seized, and legal interest on the amount from that time up to verdict. (*Phelps* v. *Owens*, 11 Cal. 22; *Dorsey* v. *Manlove*, 14 Id. 553 ; Sedg. on Dam. 287 ; 3 Graham & W. on New Trials, 1120, citing *Cortelyou* v. *Lansing*, 2 Caines' Cases, 200.)

V.   The true measure of damages in this case was the fair auction value of the goods, because plaintiff, being about to sell them at auction on the very day when he was prevented by defendant's levy, had established that criterion. If the articles were worth more than what plaintiff'had himself arranged to sell them at, the loss of such excess of value was a *damnum absque injuria*. (Sedg. on Dam. 592 ; 14 Cal. 555.)

*Frank Hereford*, for Respondent.

I. The property was Cassin's, in his own right. The property was sold to him, and not to Miss Carroll; she never at any time owned the property.

II. The notes belonged to Cassin. But even if he was agent for Miss Carroll, he had the right to sue on the notes in his own name; and equally to sue in his own name for the property bought with the notes. (*Ord* v. *McKee,* 5 Cal. 516; *Girard* v. *Taggart,* 5 S. & R. 27; *Tyler* v. *Freeman,* 3 Cush. 261; 1 Chit. Pl. 151; Story's Agency, 479.)

At all events, a stranger, as defendant is, cannot object that the sale to Cassin was void, if Carrol does not. (5 Johns, 48.)

III. The judgment cannot now be objected to for error in its amount, because no exception was taken at the time, when it might have been corrected.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We have attentively examined this case, and find no error in the record, except as hereinafter explained. It is not necessary to examine the various points in detail, as no new principle would be settled thereby. The case does not come within the principle of the case of *Taylor* v. *Robinson* (14 Cal. 396). It does not rest with the defendant to inquire whether Cassin properly or improperly used the notes of Virgo owned by Miss Carroll. If she is satisfied with the use made by Cassin of her property, it does not rest with the defendant to inquire into the consideration of the contract with Virgo founded on these notes.

2. There is no good objection to the charge of the Court as to the measure of damages. The latter member of the charge is to be taken in connection with the first portion which it qualifies, and both taken together give the true standard of damages.

3. There was no error in rejecting the testimony as to the auction sale.

4. The judgment is erroneous in giving interest at ten per cent. per month on the value of the goods. This is, perhaps, a clerical error.

Morehouse v. Carman.

The true rate should be ten per cent. per annum.

The judgment will be modified accordingly at the cost of the appellant.

The judgment so modified is affirmed.

On petition for rehearing, the opinion of the Court was delivered per the same Justices.

Rehearing denied. When we modify the judgment below for an apparent error, which the counsel for appellant might have corrected below by specific motion for that purpose, we think it not equitable to tax the costs to the respondent. Our practice has been heretofore as in this instance.