## McClellan v. Marshall *et al.*

1. **Injunction: REPLEVIN.** A judgment in replevin was for a return of the property, and in default thereof that the plaintiff recover of the defendant one hundred and sixty dollars, the value of the same: *Held*, That the defendant could elect to tender the property within a reasonable time, and that where a tender was made within a time which is reasonable when considered in connection with all the circumstances, the defendant will be enjoined from enforcing by execution the alternative judgment for money.

*Appeal from Polk District Court.*

WEDNESDAY, JANUARY 24.

A PETITION in equity, founded upon the following alleged state of facts:

That in the year 1862 plaintiff was the owner of a brown mare of the value of $125, which strayed away in the month of August of that year, and was taken up in Warren county by the defendant, Marshall, who neglected to comply with any of the provisions of the estray law. In the month of December, 1864, thereafter, he found said mare (with a colt, which she in the meantime had foaled) in the possession of defendant. That upon his refusal to surrender and deliver up to the plaintiff the mare and colt in question, he replevied the same. That afterwards, upon the trial of said action, he voluntarily suffered a nonsuit,

for the reason that the court held that it was necessary, in order to maintain the action, that a demand should be proved, which proof, at that time, was not at his command; and thereupon the court rendered a judgment against plaintiff for a return of the property, and in default thereof a judgment for $160, the value of the mare and colt. This judgment was rendered on the 28th day of March, 1865, in Clark county, whither the defendant had removed and was residing at the time the action of replevin was instituted, being a distance of forty miles from the residence of the plaintiff in Polk county; that at the time of the rendition of said judgment, the mare in controversy had received an injury, on account of which it was impossible for her to travel; that as soon as she was in a condition to travel, namely, on the 27th day of April, 1865, he started with the mare and colt for the purpose of complying with the order of the court; that he arrived at the residence of said Marshall on the 1st of May, 1865, and tendered to him the property in dispute, which he refused to receive; that before he did so he had paid all the costs of the replevin suit, including the execution which defendant had sued out on the 20th of April, 1865, but which was not placed in the hands of the sheriff until the 27th day of the same month.

It is averred that this offer to return the property was made as soon as it was practicable under the circumstances; that the plaintiff is the real owner of the mare and colt; that the defendant's judgment was unjust and irregular; that it was rendered upon the taking of the nonsuit without any trial whatever, without hearing any evidence on either side as to the ownership of the property; that the defendant, Marshall, is insolvent, and is now seeking to enforce, by execution, the collection of said judgment, notwithstanding the offer plaintiff makes to return the property, intending, to be sure, if the animals were received, to redemand a delivery thereof, and if refused, to

commence anew the action of replevin. Upon this state of case, the court is asked to restrain further proceedings upon the execution aforesaid, and grant the requisite relief, &c.

To this petition the court sustained a demurrer, and the plaintiff appeals.

*Williamson & St. John* for the plaintiff.

*Withrow & Smith* for the defendant.

Lowe, Ch. J.—It is objected first, under the demurrer, that a case for equitable interference is not made by the petition; that although the proceedings in the replevin suit may be voidable for error, still, they are not void, and may not be enjoined in equity in the absence of any alleged fraud, mistake, accident or surprise. It is true, that none of these things are made the ground of the petition, nor yet, on the other hand, is it the purpose of the bill to restrain the proceedings in that suit, so much for matters occurring before and at the rendition of the judgment therein, as for what subsequently transpired. If, in a very few days after the rendition of the judgment for the return of the property, the plaintiff had tendered a delivery of the same to the defendant in the replevin suit, and he had refused to accept the property, and insisted on enforcing the alternative judgment for the value of the property by execution, we suppose, in such a contingency, it would be admitted that the chancellor would be justified in restraining the execution. And yet, this is just what the plaintiff has done in this case, except, that his offer to return the property was not in a very few days after the judgment, but within thirty-two or three days thereafter. The question then is, whether a court of equity will consider the offer to return, as having been made within a reasonable time. What may or may not be reasonable, will, and often does depend upon circumstances, which equity will regard. The demurrer

*[margin note: 1. INJUNCTION: replevin.]*

accepts as true the material allegations bearing upon this point. The statement is, that plaintiff resided some forty miles from the defendant, where the return was to be made; that at the time the judgment was entered, the mare had been injured, and was lame, so that it was impossible for her to travel, and that he offered to make the return as soon as it was practicable. Now the delay of thirty days is not very unreasonable in itself, but when it is accounted for upon circumstances so controlling as that which constitutes the above excuse, it is but the dictate of common justice, that the same should be received as satisfactory. Add then to this, the alleged fact that the plaintiff had paid all the costs of the replevin suit, including that of the execution, which had just been put into the hands of the officer, and upon which no action had been taken at the time of the proffered return of the property; that the judgment in the replevin suit fails to specify within what time the return should be made; that the right of possession and title of the property were, as a matter of fact, in the plaintiff; that the defendant was a wrongdoer, *ab initio*, as respects the same; that the delay in the return thereof was the result of necessity, and not from any wish or interest to treat the order of the court with defiance; that his purpose in offering to return the property, besides complying with the order of the court, was to open the way for a new demand and recovery of the property by suit. These are such an aggregation of facts and circumstances as, in our opinion, justly calls for the equitable interference and cognizance of the court. This conceded, all the other objections raised to the bill by the demurrer, insisted upon in argument, are answered and covered thereby, and we hold that the demurrer should have been overruled instead of sustained, wherefore the judgment will be reversed and the cause remanded.

Reversed.