[No. 3,732.]

## ADAM MEYER *v.* COLEMAN TULLY, EDWARD DURKIN, AND WILLIAM M. PIERSON.

WHEN JUDGMENT OUGHT NOT TO BE ENFORCED.—If a judgment is rendered in favor of one person in trust for others, upon claims assigned to him by such other persons, without consideration, and the beneficial owners of the judgment acknowledge satisfaction of the judgment, the trustee, if insolvent, ought not to enforce collection of the judgment by execution, even if the beneficiaries have not been paid. The same is the rule with regard to an assignee of the judgment, if he took the assignment with notice of the rights of the beneficial owners.

ENJOINING JUDGMENT.—If a person in whose favor a money judgment is rendered in trust for others undertakes to enforce it by execution, after the beneficial owners have acknowledged satisfaction of it, equity will restrain the collection of the judgment, even if the beneficial owners have not been paid.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The complaint alleged that the plaintiff, in July, 1863, owed Tully & Durkin one hundred and ninety-nine dollars and thirty-eight cents; Katz, three hundred and eighty dollars; and Morrison & Bryant, one hundred and eighty-eight dollars; and that, being in embarrassed circumstances, it was agreed between himself and his creditors, that Katz and Morrison & Bryant should assign, without consideration, to Tully & Durkin, their claims in trust to have the same, with the claim of Tully & Durkin, put into a judgment for

the use of each creditor, according to his interest; that the assignment was made, and the plaintiff, on the 8th day of July, 1863, confessed judgment in favor of Tully & Durkin for seven hundred and sixty-seven dollars and thirty-eight cents; that execution was issued, and, July 20th, 1863, the Sheriff returned the execution, having made two hundred and fifty-three dollars and twenty-five cents on the same over costs; that Tully & Durkin sued the judgment, and, December 6th, 1872, recovered judgment for one thousand two hundred and twelve dollars; and that December thirteenth, thereafter, the plaintiff paid defendant Pierson, who was the attorney for Tully & Durkin, three hundred dollars on the judgment; that neither Tully & Durkin or Pierson had paid any of the money received on the judgment to Katz or Morrison & Bryant; that Tully & Durkin had issued an execution on the judgment, and the Sheriff had levied on the plaintiff's personal property, and was about to sell it, and that defendant Pierson claimed an interest in the judgment by assignment; that since the last judgment was recovered Morrison & Bryant and Katz had acknowledged and filed in the Clerk's office satisfaction in full of their interests in the judgment; that the plaintiff had moved in the Court for an order declaring the judgment satisfied, and, on the motion, an issue of fact had been raised between the said trustee and *cestui que trusts*, and the Court denied the order, leaving the plaintiff to his remedy in equity; that Pierson, if he had any interest in the judgment, received it with full knowledge of the existence of the trust, and that Tully & Durkin were insolvent. There was a prayer for an injunction restraining the collection of the judgment.

The defendants demurred to the complaint, because it did not state facts sufficient to constitute a cause of action. The Court below granted a preliminary injunction, but afterwards dissolved the same and sustained the demurrer, and

the plaintiff declining to amend, final judgment was rendered for the defendants.

The plaintiff appealed from the order dissolving the injunction and from the judgment.

*P. B. Ladd,* for Appellant.

The *cestui que trusts* had a right to satisfy the judgment. (*Hobbs* v. *Duff,* 23 Cal. 597.) A motion to satisfy the judgment had been denied, and our remedy at law having been exhausted this suit became a necessity. Pierson could acquire no lien on the judgment as against the *cestui que trusts.* (*Russell* v. *Conway,* 11 Cal. 103.)

*Gallagher & Pierson,* for Respondent.

There is no allegation in the bill of complaint that the plaintiff has paid the amount of the judgment, execution of which is sought to be enjoined. (*Logan* v. *Hillegass,* 15 Cal. 200.)

Plaintiff must allege facts, not evidence. An allegation that plaintiff has a receipt in full from the beneficial owners of the judgment, is not an allegation of the fact of payment, but simply the evidence of payment, and is not sufficient.

There is no allegation of the insolvency of defendant Pierson, although it appears by the bill that he has an interest in the judgment, by reason of an assignment thereof. It therefore appears upon the face of the bill that plaintiff has an adequate and complete remedy at law, and equity will not interfere. (*Gregory* v. *Hay,* 3 Cal. 332; *Burnett* v. *Whitesides,* 13 Cal. 156; *Waldron* v. *Marsh,* 5 Cal. 119; *Sanches* v. *Carriaga,* 31 Cal. 170.)

By the COURT:

It is a matter of no concern to the defendants whether the beneficial owners of the judgment have been actually paid

the amount of their respective interests therein or not.    If they have acknowledged full satisfaction of their interests in the judgment and placed their acknowledgments on file in the Clerk's office, the defendants will thereby be fully protected against any claim to be hereafter made against them.

Nor was it necessary to aver the insolvency of the defendant Pierson.    Whatever interest he has in the judgment was taken by assignment, with full notice of the rights of the beneficial owners.    If they are insolvent, as alleged, the judgment ought not to be collected, even though Pierson, who claims some interest in it, may not be insolvent.

The allegations of the complaint being true, the judgment ought to be satisfied of record, and until that is done its execution ought to be restrained.

The judgment and order dissolving the injunction reversed and cause remanded, with directions to the Court below to overrule the demurrer.