[No. 3,659.]

FAXON D. ATHERTON, A. B. GROGAN, HENRY PAGE, AND WILFRED PAGE, EXECUTORS OF THE WILL OF THOMAS S. PAGE, DECEASED, v. WELCOME FOWLER, ELISHA BONCHAM, HENRY KNIGHT, ET AL.

MODIFICATION OF JUDGMENT.—When a judgment is erroneous and the Supreme Court has the facts before it so that it can be modified and justice done between the parties without granting a new trial, it will be modified accordingly.

INTEREST ON JUDGMENTS.—Since the Act concerning interest, passed April 4th, 1870, judgments for money in actions of tort bear interest.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The main facts are stated in the opinion and in the former reports of the case. The case of *Atherton et al* v. *Fowler et al., post,* p. 323, will illustrate the points of law here involved. The plaintiffs appealed.

By the COURT, BELCHER, J. :

This action was commenced May 25th, 1863, and has been twice in this Court. It is reported in 28 Cal. 605, and 37 Cal. 100. It is also the same in all its essential facts as the

case of *Thomas S. Page* v. *John Fowler et al.*, reported in 39 Cal. 412.

Upon the last trial, which occurred in April, 1871, the defendants obtained a verdict for one thousand six hundred and sixty-eight dollars, the value of one hundred and thirty-nine tons of hay at twelve dollars per ton, and for one thousand three hundred and eleven dollars and forty-four cents interest thereon, at the rate of ten per cent per annum from May 26th, 1863, to date, making in all two thousand nine hundred and seventy-nine dollars and forty-four cents. Judgment was not entered on the verdict until October 18th, 1872, when, interest being added to the amount found in the verdict, it was taken for three thousand four hundred and thirty-six dollars and seven cents, as a personal judgment, against the plaintiffs, who are the executors of the last will and testament of Thomas S. Page, deceased.

It is now objected that the judgment is erroneous, because, while the jury must have found the value of the hay at a time nearly a year subsequent to the taking, they allowed interest from the time of the taking; because interest was allowed after the passage of the Act concerning interest of March 30th, 1868, at the rate of ten per cent per annum, when it should have been at only seven per cent; because interest was allowed between the times when the verdict was rendered and the judgment was entered up; and because the judgment was made a personal one against the executors instead of being made payable in due course of administration.

Counsel for respondents admitted on the oral argument that the judgment was erroneous in the respects named, and that it ought to be modified. We are of the opinion that it may be modified so as to do justice between the parties, without sending the case back for a new trial.

On looking into the evidence we are also of the opinion that we cannot reverse the judgment on the ground that it failed to show that the defendants had the actual possession of the ground on which the hay was cut. There was, at least, some testimony tending to show such possession, and the question was submitted to the jury under instructions which seem to us unexceptionable.

After reading all the instructions given and refused by the Court, we are unable to see that any substantial error was thereby committed. The instructions given seem to have been drawn, with painstaking care, from the former opinions of this Court in this case, and from the opinin in *Page* v. *Fowler*, 39 Cal. 412, while those refused are chiefly in conflict with those opinions.

The point is made that only judgments for money lent bear any interest since the passage of the Act of April 4th, 1870. We held otherwise in *Bell* v. *Knowles*, 45 Cal. 193, and we adhere to that decision.

The cause is remanded to the Court below, with directions to modify the judgment by striking out the damages thereby awarded, and inserting instead thereof the sum of two thousand six hundred and fifty-seven dollars; and also by making the judgment payable in due course of administration. In other respects the judgment is affirmed.

Mr. Chief Justice WALLACE did not express an opinion.