[No. 3,792.]

## GEORGE P. NOONAN, ADMINISTRATOR OF THE ESTATE OF JOHN LEDWIDGE, DECEASED, v. WILLIAM HOOD.

CONFLICT IN EVIDENCE.—The findings of fact, made by a referee, will not be disturbed on an objection that they are not sustained by the evidence, provided there is a substantial conflict in the evidence.

JUDGMENT PAYABLE IN GOLD COIN.—In an action for goods sold, and services performed, and money loaned, a judgment for the plaintiff in gold coin must not be rendered, if there is nothing in the record to show an agreement to pay in gold coin.

COSTS ON APPEAL.—If a judgment is reported by a referee payable in gold coin, and there is nothing in the record warranting it, the Supreme Court will direct the judgment to be modified, but without costs to the appellant, if he failed to ask the Court below to make the modification.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

John Ledwidge died in the county of Sonoma on the 12th day of December, 1870. He had been in the employ of the defendant for several years as superintendent of a flouring mill. The plaintiff was Public Administrator, and, as such, administered on his estate. He alleged in his complaint an indebtedness of the defendant to the estate in the sum of $10,000; a balance due for goods sold, labor done, and money paid by the intestate for the defendant's use. The defendant, in his answer, demanded a bill of particulars of the plaintiff's claim, and set up a counter-claim for goods and money furnished, of the value of $8,000. He also denied the allegations of the complaint. The case was referred to a referee. Neither the complaint nor the answer spoke of gold coin, or any agreement about currency, or any kind of money, nor was the matter spoken of in the testimony. The referee found that the defendant was indebted to the deceased in the sum of $941 in U. S. gold coin, and a judgment for that sum, in said coin, was rendered. The defendant appealed.

The other facts are stated in the opinion.

*M. Johnson*, for the Appellant.

*A. W. Middleton* and *Barclay Henley*, for the Respondent.

By the Court, WALLACE, C. J.:

The appeal is taken from the judgment.

1. The point that the evidence is insufficient to justify the judgment is not well taken. The supposed bill of particulars upon which the argument of the appellant upon this point is founded is not contained in the record. The evidence given upon the part of the plaintiff tended to establish an indebtedness, in the first instance, from the defendant to the intestate of the plaintiff of eleven thousand seven hundred and seventy-five dollars. The amount of the offsets to be allowed in favor of the defendant involved a consideration of the credibility of the evidence offered, and the finding of the referee upon the question of fact involved will not be disturbed here.

2. The objection that the referee, in making his report, did not state the facts found and conclusions of law separately, is not supported by the record.

3. But there is nothing in the record to justify the judgment in gold coin, which the respondent obtained below. The judgment must be modified in that respect, but, inasmuch as no application was made to the Court below for the modification, no costs will be allowed to the appellant upon this appeal.

Cause remanded without costs to the appellant, with directions to modify the judgment in the respect.indicated.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.