## GANS, appellant, *v.* WOOLFOLK, respondent.

NONSUIT WHEN COMPLAINT HAS SEVERAL CAUSES OF ACTION —*judgment modified.* G. brought this action to recover from W. two distinct sums of money; one for certain costs and the other for the value of certain property. W. admitted that he owed the costs. On the trial the court sustained W.'s motion for a nonsuit. *Held,* that the judgment of nonsuit should not be entered when the answer admits one cause of action in the complaint. *Held,* also, that the motion relating to the second cause of action was properly granted, and this court modified the judgment without granting a new trial, as it could administer justice to the parties.

TENDER OF BULKY GOODS — *waiver of tender — place of delivery.* G. attached 600 yards of carpet, fastened to the floor of A.'s hotel, as the property of A. B. sued the officer to recover the carpet, and gave him an undertaking executed by W. for its return and the payment of any damages, "if return thereof be adjudged." The property was then delivered to B. The officer recovered judgment against B., and W. immediately served on G. and the officer written notices that the carpet would be delivered to them at the hotel, and requested them to go there and receive it. G. and the officer refused to receive the property. *Held,* that the carpet is a bulky article which could be delivered at a convenient place designated by the parties entitled to it. *Held,* also, that W. and the other persons, who were required to tender the carpet, could select a suitable place for its delivery upon the failure of G. or the officer to designate the same, and the refusal of G. and the officer to receive the property at the place so selected was adjudged in this action a legal return thereof. *Held,* also, that the allegation of the tender of the carpet to G. by W. is established by testimony showing that G. refused to receive it under the foregoing facts.

EVIDENCE — *proof of negative averment — satisfaction of undertaking — value of goods.* G. brought this action upon said undertaking, and alleged in the complaint that "no return of the property has been had." *Held,* that the burden of proof rests upon G. to establish this negative averment. *Held,* also, that the condition of said undertaking would be satisfied by said tender of the carpet to G. and the officer, and the payment of the judgment recovered by the officer against B. *Held,* also, that testimony that the carpet is worthless, or has depreciated in value, is not competent.

COSTS — *effect of admission of one cause of action.* The four hundred and forty-second section of the Civil Practice Act authorizes a defendant to serve upon the plaintiff an offer to allow judgment to be taken against him for a certain sum, and the plaintiff cannot recover costs if he fails to obtain a more favorable judgment. W. admitted, in his answer, that he owed the amount stated in one cause of action in G.'s complaint, and G. did not "obtain a more favorable judgment." *Held,* that W. did not make the offer described in the statute, and G. recovered his costs.

*Appeal from Third District, Lewis and Clarke County.*

THIS action was tried before WADE, J., who entered the judgment of nonsuit.

W. F. SANDERS and CHUMASERO & CHADWICK, for appellants.

A new trial must be granted. The answer admits that respondents owe the appellants $184 and interest, and judgment should have been entered for this sum.

When appellants introduced the undertaking sued on, they could rest their case. The judgment for the return of the property was admitted, and the burden of proving that the conditions had been performed devolved upon respondents. The respondents were entitled to open and close, and there could be no nonsuit. *Huntington* v. *Conkey,* 33 Barb. 220; *Ayrault* v. *Chamberlain,* id. 229; *Elwell* v. *Chamberlin,* 31 N. Y. 612; *Millerd* v. *Thorn,* 56 id. 405; Bouv. Inst., § 3047; *Scott* v. *Hull,* 8 Conn. 303.

The appellants proved that the property had not been returned. They intended to prove by the witness, Sandford, that the carpet had been destroyed, and that respondents could not return it. The court ruled that this evidence was incompetent, and sustained the motion for a nonsuit because appellants did not prove the matter they proposed to by this witness. Respondents cannot take advantage of the lack of evidence when they excluded it by their objection. They are estopped by their conduct. *Thompson* v. *McKay,* 41 Cal. 230.

The respondents made a paper offer to return the property, and no actual offer. They were trespassers in holding the property after the judgment had been rendered for its return to appellants. They are liable upon their undertaking and cannot defeat this action by making an offer on paper to return the carpet. *Sweeney* v. *Lomme,* 22 Wall. 208.

H. M. PORTER and E. W. TOOLE, for respondent.

Appellants were required to prove that respondents did not deliver the carpet. When a right of action is grounded on a negative averment, it must be proved. 1 Greenl. Ev., § 78.

The offer to return the goods at the International Hotel was a

compliance with the undertaking. Bouv. Dict., "Return;" *His-ler* v. *Carr*, 34 Cal. 641.

Evidence of waiver of tender is competent to support aver-ment of tender. The refusal to receive the goods was a waiver of a perfect tender. 2 Greenl. Ev., § 603; *Slingerland* v. *Morse*, 8 Johns. 474; *Munn* v. *Barnum*, 24 Barb. 283; *Hazard* v. *Loring*, 10 Cush. 267; *Mutual L. I. Co.* v. *Wager*, 27 Barb. 367.

Appellants could not refuse to receive the carpet if it was de-preciated or worn out. Compensation for the depreciation is allowed as damages. *Allen* v. *Fox*, 51 N. Y. 562.

The law presumes that the value of the goods was found at the date of the trial by the jury, $1,900. *Brewster* v. *Silliman*, 38 N. Y. 423; *Young* v. *Willet*, 8 Bosw. 486; *Allen* v. *Fox*, 51 N. Y. 562. No issue as to the value of the carpet was made in the pleadings.

The case of *Sweeney* v. *Lomme* is not applicable. After Wyttenbach tried to comply with the judgment by offering to return the goods, he ceased to be a trespasser. 2 Kent, 692; *La Farge* v. *Rickert*, 5 Wend. 187.

Appellants did not ask for judgment as to the sum admitted to be due. The nonsuit was upon the issues submitted. The offer to permit judgment for $184 was not accepted by appel-lants, who are therefore liable for the costs. The court can modify the judgment in any particular. Civ. Pr. Act, § 378.

BLAKE, J. The appellants commenced an action in July, 1871, against G. J. Germaine to recover $1,868.17, and procured a writ of attachment. W. L. Steele, then the sheriff of Lewis and Clarke county, levied upon the carpet in the International Hotel, in Helena, as the property of Germaine, under the writ. H. Wyttenbach brought an action against the officer to recover the possession of the property, and delivered an undertaking, exe-cuted by the respondents, with the following condition: "For the prosecution of said action for the return of the property to the defendant, if return thereof be adjudged, and for the pay-ment thereof to the defendant of such sum as may, for any cause, be recovered against the said plaintiff." The carpet was delivered afterward to Wyttenbach, according to the provisions of the stat-

ute for the claim and delivery of personal property. Civ. Pr. Act, title 5, ch. 2. On the trial of the action between Wyttenbach and Steele, judgment was entered March 6, 1873, that Steele recover the possession of the property, or $1,900 in case a delivery could not be had, and the costs, amounting to $184.90. Steele assigned this judgment and the undertaking to the appellants. The appellants obtained a judgment against Germaine November 10, 1871, for $1,929.72 damages, and $34 costs. No part of this judgment has been paid by Germaine or any person. At the time that the attachment writ was served the carpet, comprising six hundred yards, was tacked to the floor of the hotel and never removed by the sheriff or the appellants. The building and the carpet were destroyed by fire January 9, 1874.

The appellants bring this suit against the respondents upon their undertaking to recover $1,964.62 and interest from November 10, 1871, and $184.90 and interest from March 6, 1873, the said sums being the amounts of the judgments recovered by the appellants against Germaine, and by Steele against Wyttenbach. The respondents admit, in their answer, that they owe the judgment for $184.90 with the interest thereon, and allege that they are ready and willing to pay the same. They deny that they owe the sum of $1,964.42, or any part thereof, and aver that, upon the rendition of the judgment against Wyttenbach, the carpet was returned and delivered to the appellants, at the hotel, in the same situation in which it was found when the officer levied thereon; and that the appellants refused to receive the property at any place. These allegations are denied by the appellants in their replication to the answer.

Upon the trial the court sustained the motion of the respondents for a nonsuit, and judgment was rendered against the appellants for the costs of the suit. This motion should not be granted when a cause of action is proved or admitted by the pleadings. *Goulding* v. *Hewitt*, 2 Hill, 644; *Van Rensselaer* v. *Jewett*, 2 N. Y. 135. The appellants were entitled to a judgment against the respondents upon the pleadings for $184.90, and the interest thereon from March 6, 1873, and certain costs. The court erred in granting the motion relating to this cause of action, and entering the judgment against the appellants for the costs.

This error does not necessarily entitle the appellants to a new trial upon the issues between the parties. The complaint contains two distinct causes of action, arising in the cases of the appellants against Germaine, and Wyttenbach against Steele. The respondents admitted their liability upon one of the causes of action, and proceeded to a trial upon the other subject of controversy respecting which all the evidence was offered on the trial. A judgment of nonsuit may be entered by the court, upon the motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury. Civ. Pr. Act, § 184. The term " case " does not include the entire action stated in the complaint. Several causes of action may be united in the same complaint, and the defendant may demur to one or more of the causes and answer the remainder, and the defenses must refer to the cause of action which they are intended to answer. Id., §§ 52, 59, 72. We are of the opinion that a judgment of nonsuit may be entered when the plaintiff fails to establish by the proof one of his causes of action, and that no other cause of action is affected by the decision, and the same can be tried and submitted to the jury.

We will consider the ruling of the court in granting the nonsuit upon the cause of action in which the appellants seek to recover $1,964.62 and the interest. What facts were the appellants required to prove to maintain the material allegations of the complaint? This action is founded upon the alleged failure of the respondents to perform the conditions of their undertaking, and the complaint states that " no return of the property has been had," and that no part of the judgment against Wyttenbach has been paid. Upon these issues the appellants must establish the negative allegation that "no return of the property has been had," in order to sustain this cause of action. 1 Greenl. Ev., § 78; *Machebeuf* v. *Clements*, 2 Col. 36, affirmed in 92 S. C. 418. The assignment of the judgment recovered by Steele against Wyttenbach vested in the appellants the rights of the sheriff upon the undertaking made by the respondents. *Bowdoin* v. *Coleman*, 3 Abb. Pr. 431; *Lomme* v. *Sweeney*, 1 Mon. 584; S. C., 22 Wall. 208.

The evidence that was introduced by the appellants to maintain this allegation is set forth in the transcript. One of the appellants

testified that the carpet had never been returned to them, and he did not remember whether it was offered to him by the respondents and refused after the judgment was entered against Wyttenbach. Steele testified that the property was not returned to him; that his term of office as sheriff expired in December, 1871; that in April, 1873, one of the respondents came to him on Main street, Helena, between the store of the appellants and the International Hotel, at a point about seventy-five or one hundred yards from the hotel, and handed him a written notice surrendering the carpet; that one of the respondents told him that the carpet was rolled up at the hotel, the place where it was attached, and asked him to go there and receive it; that he refused to receive the property, as he was out of office, and would have nothing to do with it; that he then went to one of the respondents and delivered him the notice, and he said he had received a similar notice; and that he (Steele) had no place of business in Helena at this time, and was living about six miles from Helena. The following statement appears in the transcript: "There was no conflict in the proof that the tender as claimed by the defendants (respondents) was made immediately after the rendition of the judgment in the replevin suit and on the very day."

In reviewing the action of the court in granting the nonsuit, this court will consider as proven every fact which the testimony tended to prove. *Herbert* v. *King*, 1 Mon. 475. What does the evidence tend to prove? Did the respondents make a legal offer to return the goods to Steele or the appellants? Did the appellants waive an actual delivery of the property? The evidence of the waiver of a tender by the appellants is competent and sufficient to support the allegation of a tender. *Holmes* v. *Holmes*, 9 N. Y. 525. The carpet was a bulky and cumbersome article and the respondents were not required to tender it, like money, to the appellants wherever found. They were obliged to deliver the property at some particular place. If the appellants neglected or refused to appoint the place the respondents had the right to select it, with a reasonable regard for the convenience of the appellants, and there deliver the goods. 2 Pars. on Cont. 650; 2 Greenl. Ev., §§ 609, 610. In *Slingerland* v. *Morse*, 8 Johns. 474, the court held that an offer to deliver bulky goods at the house where they

were stored was sufficient, and that no other offer was requisite. The articles had been distrained at this place and left there in the first instance, and it was considered that there was a peculiar fitness in the house for the purpose of the tender. The carpet remained in the hotel during the pendency of the proceedings which have been mentioned. The respondents designated this building as a suitable place for the delivery of the property and the store of the appellants was in its neighborhood. The appellants did not name any other place and the respondents exhibited in this matter a reasonable regard for the convenience of all the parties. Under the circumstances the tender made by the respondents was sufficient, and the appellants refused to accept the carpet at their peril. The evidence shows clearly that a return of the property was had within the meaning of the law, and the appellants failed to establish this cause of action.

The appellants insist that the court erred in refusing to allow a witness to testify concerning the condition of the property from 1871 to 1873 and in 1873. It appears that this evidence was offered for the purpose of showing the actual value of the carpet at the time of the tender, and that the same was worn out and worthless. This testimony does not support any allegation in the complaint and contradicts the averments of the appellants in their pleadings. The main issue, which they presented for trial in this action, was the failure of the respondents to return to them the property in controversy. When it had been proved to the satisfaction of the court that the carpet had been tendered and refused, the appellants were not permitted to introduce a new fact, which is not referred to in the pleadings, and found thereon a legal obligation. The court properly excluded this testimony which could not be heard without violating the sound rule that the *allegata* and *probata* must correspond.

There is another fatal objection to the introduction of this evidence. The respondents were required to return the goods after the judgment had been entered against Wyttenbach, if it was in their power to do so. *Caldwell* v. *Gans*, 1 Mon. 570. The appellants could not impair the rights of the respondents by a refusal to accept the carpet, because it had been injured or reduced in value while it was in the possession of Wyttenbach. On the day the

tender was made the judgment had been rendered against Wyttenbach for $1,900, as the value of the property, in case a delivery could not be had. The validity of this judgment has not been questioned, and we might presume that the goods were worth $1,900 at the time of the trial according to the finding under the statute. Civ. Pr. Act, § 217. The oral testimony could not be admitted to contradict this judgment. *Brewster* v. *Silliman*, 38 N. Y. 423; *N. Y. G. Co.* v. *Flynn*, 56 id. 653. In *Allen* v. *Fox*, 51 id. 562, the court said: "Now, suppose the property has been badly depreciated, intermediate the wrongful taking and the trial, still the prevailing party is obliged to take it, if he can obtain it, and he is indemnified for the depreciation by the damages assessed to him." This doctrine is sustained by the cases which are cited in the opinion. This court has decided that a party who is entitled to the possession of personal property can recover the value of its use from the time he was deprived of it to the day of the trial. *Morgan* v. *Reynolds*, 1 Mon. 163. The case of *Douglass* v. *Douglass*, decided recently by the court of last resort in the United States, is in point upon the questions which have been discussed. 21 Wall. 98. The goods had been taken from the defendant by the officer under the writ *de retorno habendo* and tendered to the plaintiff, who refused to receive them because they were "much damaged and altered in condition, and of materially less value than when they were delivered to said defendant." Mr. Justice SWAYNE says: "The seizure and tender satisfied the judgment of return and the defendant's obligation. *Carrico* v. *Taylor*, 3 Dana, 33. Neither could be revived by the plaintiff's refusal to receive the property. The refusal was of no legal consequence. If the defendant injured the property, or culpably suffered it to become injured while it was in his possession, a remedy must be sought in some other appropriate proceeding. It cannot be had in a suit on the bond." The condition of this bond is similar to that of the undertaking in this action. The damages intended by this undertaking are those that were recovered by Steele against Wyttenbach. The respondents would have satisfied the condition of their undertaking by the payment of the judgment for $184.90 after they tendered the carpet to the appellants. *Stevens* v. *Tuite*, 104 Mass. 336; *Hisler* v. *Carr*, 34 Cal. 645.

The appellants claim that they are entitled to a new trial on account of the error of the court in granting the nonsuit, and that we cannot distinguish its effect upon the different causes of action. This position is not tenable. Appellate courts can modify an erroneous judgment without granting a new trial when the facts are before it and justice can be done between the parties. *Atherton* v. *Fowler*, 46 Cal. 320. The respondents did not serve upon the appellants an offer to allow judgment to be taken against them for any sum. Civ. Pr. Act, § 442. The costs of the action must follow the judgment for the appellants for the amount which is due to them. Civ. Pr. Act, § 546. It is therefore ordered that the judgment of the court below be modified accordingly, and that judgment be entered for the appellants for the sum of $184.-90, and interest thereon from March 6, 1873, to the day of the trial, and the costs of the suit.

*Judgment modified.*