## LITTLE ROCK & FORT SMITH RAILWAY COMPANY
## *v.* WELLS.

### Opinion delivered November 30, 1895.

EQUITY—NEW TRIAL.—Equity will grant relief against a judgment at law which is unjust and inequitable, if the right of appeal was lost by the death of the trial judge before the bill of exceptions was signed.

SUFFICIENCY OF EVIDENCE—DISTANCE BETWEEN RAILWAY STATIONS.— A judgment against a railroad company enforcing a penalty for an overcharge of passenger fare between two stations is not supported by evidence merely that the mile posts between such stations showed the distance to be so many miles, it not appearing that the company had any connection with such mile posts, or that they were located on its right of way.

TRIAL—INCOMPETENCY OF JUROR.—A challenge to a juror should be sustained where it appears that, at the previous term, a suit by him against defendant to collect a penalty for an overcharge of passenger fare between the same stations for which plaintiff brings suit was tried, and that he holds an opinion upon a material issue in the case.

Appeal from Crawford Circuit Court in Chancery.

JEPHTHA H. EVANS, Judge.

#### STATEMENT BY THE COURT.

In this case we have another application to a court of equity to grant relief against a judgment at law. The action at law was brought by Thomas H. Wells against the appellant railway company for the purpose of collecting a penalty for overcharges alleged to have been made by the railway company for the carriage of said Wells as a passenger on its trains between the stations of Van Buren and Dyer, and Alma and Dyer. He alleged that on four different trips an overcharge of about five cents was made on each trip. The verdict was in favor of plaintiff, and the penalties assessed for the four overcharges amounted to seven hundred dollars,

of which amount three hundred dollars was remitted by the plaintiff. A motion for a new trial was filed and overruled, and sixty days allowed to file bill of exceptions. The death of the presiding judge, which happened shortly afterwards, and before the bill of exceptions was signed, prevented the appeal from being taken. The appellant then brought his suit in equity. The cause was submitted to the chancellor upon the pleadings, exhibits and agreed statement of facts. The evidence at the trial at law had been taken down by a stenographer, and a bill of exceptions prepared by counsel containing that evidence was by consent read as evidence in the equity suit ; it being agreed by counsel for the respective parties that it was "correct in every particular." The complaint was dismissed for want of equity, and an appeal was taken.

*Dodge & Johnson*, for appellants.

1. The chancellor erred in refusing a new trial. The circuit court erred in giving the second instruction to the jury because (1) it is an instruction to the jury that the evidence showing the number of mile posts is conclusive of the distance. (2) It is an expression of an opinion on the facts, which is forbidden by the constitution. 22 S. W. 584 ; 14 Ark. 295, 537 ; 16 *id.* 593 ; 45 *id.* 166 ; 49 *id.* 439 ; 43 *id.* 295 ; 44 *id.* 702.

2. There was no evidence proving the distance.

3. Manuel and Leah were disqualified as jurors. 31 Ark. 306 ; 60 *id.* 244.

RIDDICK, J. (after stating the facts.) There are two questions in this case : First, has a court of equity the power to grant the relief prayed for ? and, second, if the power be conceded, is this such a case as calls for its exercise ? The first question has been considered and answered in the affirmative by our ruling in the case

Jurisdiction of equity to grant new trials.

of *Kansas, etc. R. Co.* v. *Fitzhugh, ante,* p. 341, and we need only consider the second question.

Evidence
held insuffi-
cient.
It is said that the trial court committed error in impaneling, and also in charging, the jury. But errors alone are not sufficient to warrant the interposition of a court of equity. "It must clearly appear that it would be contrary to equity and good conscience to allow the judgment to be enforced, else equity declines to impose terms upon the prevailing party." *Whitehill* v. *Butler,* 51 Ark. 343; *Kansas, etc. R. Co.* v. *Fitzhugh, ante,* p. 341. But a consideration of the evidence introduced in the action at law leads us to the conclusion that the verdict and judgment against the appellant were without evidence to support it. To warrant a judgment for the penalty imposed against appellant in the action at law, it was essential that there should be some evidence tending to show that the amount charged the appellee was greater than three cents per mile for the distance he was carried as a passenger. Sand. & H. Dig. secs. 6211, 6217. Now, an examination of the evidence shows that there was no competent evidence introduced to show the distance between the stations of Van Buren and Dyer and Alma and Dyer. The only witnesses that testified were the appellee and his attorney. Neither of them told, or pretended to know, what the distances between these stations were. They gave the number of the nearest milepost to each station, and stated that the mileposts showed the distances between the stations to be a certain number of miles, but there is nothing to show that the appellant had any connection with these mileposts. We cannot tell from the evidence whether the mileposts referred to are located on the railway right of way, or along the public road; nor whether they were erected by the county, or the appellant, or some other railway company. The attention of the court and counsel was called to this defect in the proof

on the trial of the case, and the court was asked to direct a verdict for appellant for want of evidence showing the distances between the stations named. The court refused to do so, and assumed in his instructions that the mileposts had been put up by appellant. He commenced the second paragraph of his instruction as follows : "In regard to those mileposts, the company has put up mileposts along the road, as the proof shows here, and put consecutive numbers on them. I suppose, when they began, they commenced one mile from the starting point, then two, and then three, the same as a proclamation, as to the distance, etc."

The circuit judge in giving this instruction no doubt labored under the impression that there was no dispute concerning the question as to whether or not the appellant had put up the mileposts. But we are bound by the record, and it shows that the question as to the distances between the stations was the principal point in issue, and that no admissions were made, the attorney for appellant contending that the proof on this very point was insufficient.

In addition to this instruction, which was calculated to mislead the jury on a material point, two of the jurors admitted on their examination that each of them had brought suit against appellant to collect a penalty for an overcharge for passenger carriage between the same stations of Alma and Dyer, that these suits had been tried the term before, and that each of them held an opinion as to the distance between these stations. For this cause they were challenged by defendant, but the court held that they were competent, and, the defendant having exhausted its peremptory challenges, they sat in the trial of the case. These jurors having only a short time before been plaintiffs in an action against appellant, in which the same issues were involved, the chal-

*Competency of jurors.*

lenge of defendant should have been sustained. *Railway Co.* v. *Smith*, 60 Ark. 222.

When we consider these rulings of the court in connection with the fact that the verdict and judgment is not supported by the evidence, we must conclude that the appellant was entitled to a new trial, and that he would have obtained it, but for the fact that his appeal was cut off by an inevitable accident, which left him without remedy at law. It seems unjust and inequitable that the appellee should be allowed to retain the advantage given him by the sudden death of the presiding judge. As the appellant is remediless at law, we believe that this is a proper case for a court of equity to exercise its restraining power, to the end that justice may be done. *Kansas, etc., R. Co.* v. *Fitzhugh, ante,* p. 341; *Carroll* v. *Pryor,* 38 Ark. 283; *Leigh* v. *Armor,* 35 Ark. 128; *Oliver* v. *Peay,* 19 Am. Dec. 595, and note; 1 Black on Judg. 386; 2 Freeman on Judg. 484 and 485.

It is therefore ordered that the decree of the chancellor be reversed, and that, unless the appellee, Thos. H. Wells, shall elect to submit to a new trial at law on the issue involved in his action against appellant for a penalty, he be forever enjoined from enforcing, or attempting to enforce, the judgment recovered by him in said action.

---

[NOTE.—As to injunctions against judgments for matters arising subsequent to their rendition, see note to the above case in 30 L. R. A. 560.—Rep.]