[S. F. No. 1531.   Department Two.—October 6, 1900.]

J. EPPINGER et al., Appellants, v. JAY SCOTT, Respondent.

CLAIM AND DELIVERY—ALTERNATIVE JUDGMENT—TENDER OF PROPERTY—
    EXECUTION FOR VALUE—DENIAL OF MOTION FOR RECALL—APPEAL—
    RELIEF IN EQUITY.—Where the defendant in an action of claim and
    delivery recovered judgment for the return of the property or
    its value, and the plaintiff tendered the property and costs in
    satisfaction of the judgment, which was refused, and the de-
    fendant issued execution for its value, which the court refused
    to recall on plaintiff's motion, the plaintiff who has appealed
    from the order denying such motion may maintain an action
    in equity to enjoin further proceedings under the judgment,
    pending the determination of the appeal.

ID.—EFFECT OF DENIAL OF MOTION—AUTHORITY OF EQUITY.—The denial
    of the motion to recall the execution in the action of claim
    and delivery gives to the court of equity the same authority
    to interfere as if the court in that action was powerless to ren-
    der aid.

APPEAL from a judgment of the Superior Court of Fresno
County.   J. R. Webb, Judge.

The facts are stated in the opinion.

Dinkelspiel & Gesford, and L. L. Cory, for Appellants.

George E. Church, for Respondent.

GRAY, C.—A demurrer to the second amended complaint
was sustained, and, plaintiff failing to further amend, defend-
ant had judgment from which the plaintiff appeals. .   .

The said complaint contained two counts.   In the first is set
forth, in substance, that in a claim and delivery suit commenced
by plaintiffs against defendant judgment had gone in defend-
ant's favor for the return to him of twenty-five thousand trays
and three hundred sweat-boxes, or eighteen hundred and eighty-
five dollars, the value thereof, in case a return could not be had,
together with costs amounting to sixty-three dollars and fifty
cents; that plaintiffs appealed from said judgment, and the
same was affirmed by this court; that on the filing of the *re-
mittitur* in the court below plaintiffs tendered to defendant and

deposited with the clerk of the court for defendant eighty-four dollars and fifty cents, being the amount of the costs with interest and accrued costs in said action; that said judgment, except as to the costs, contained no definite description of any property to be returned by plaintiffs, and decreed only that twenty-five thousand trays and three hundred · sweat-boxes should be returned, without specifying the character and nature thereof, and is incapable and impossible of enforcement by reason of the uncertainty thereof; that notwithstanding said uncertainty the defendant caused an execution to issue upon the money judgment in said action and levied upon the property of said plaintiffs; that thereafter plaintiffs moved the superior court to recall said execution and to order said property to be released and to direct the clerk to enter satisfaction of the judgment, which motion was denied by order of said court, and from said order plaintiffs appealed; that said appeal is still pending and undetermined, and plaintiffs have no legal remedy to stay proceedings in the premises pending the final determination of said appeal.

The second count of the complaint is practically a repetition of the first, except that instead of setting forth and relying on the uncertainty of the judgment it alleges as follows: "That also on said thirteenth day of June, 1896, said plaintiffs tendered to said defendant and offered to return and deliver to him the twenty-five thousand trays and three hundred sweat-boxes, as specified in said judgment, and then and there and thereby to comply with the terms of said judgment in that behalf and in satisfaction thereof; and that plaintiffs have been ever since, and are now, ready and willing to return to said defendant said twenty-five thousand trays and three hundred sweat-boxes, and to comply in every particular with the terms and requirements of said judgment; that defendant then and there refused, and ever since has refused, and does still refuse, to accept said sum of eighty-four dollars and fifty cents and said trays and sweat-boxes, or any thereof, or to satisfy or cause to be satisfied said judgment aforesaid, and by reason of such refusal, and not otherwise, said judgment still remains unsatisfied."

Then follows the allegations that thereafter, and notwithstanding said offer to satisfy said judgment, said defendant

caused an execution to issue; plaintiffs moved to recall the same and appealed from the order denying such motion, etc. It is also alleged in the second count, as well as in the first, that notwithstanding the pending appeal from said order the defendant gives out that he will, under said execution, sell the real and personal property of plaintiffs in satisfaction of said judgment, and plaintiffs allege that unless restrained by the court said defendant will sell the same, to plaintiffs' irreparable damage and injury.

The complaint prays that it may be decreed by the court that said judgment has been fully satisfied by plaintiffs, and that said defendant be required to enter or cause satisfaction thereof to be entered upon the records of said Fresno county. That said defendant be restrained and enjoined from proceeding in any manner under said judgment, and that all proceedings under said execution be stayed by the court pending the appeal, and for general relief.

We think this complaint shows good ground for the exercise of the equitable jurisdiction of the court, and that the demurrer to it should have been overruled. (*Thompson v. Laughlin*, 91 Cal. 318; *Bibend v Kreutz*, 20 Cal. 110; *Carpentier v. Hart*, 5 Cal. 406; *Meyer v. Tully*, 46 Cal. 70; *Little Rock etc. Co. v. Wells*, 61 Ark. 354[1]; 30 L. R. Ann. 560, and note; *Worden v. Jones* (Kan. App., July 16, 1895), 40 Pac. Rep. 1071; *McClelland v. Marshall*, 19 Iowa, 561.[2])

It is contended by respondent that plaintiff had a remedy in the claim and delivery suit by motion to recall the execution and satisfy the judgment (Code Civ. Proc., sec. 675), and, this being a plain, speedy, and adequate remedy, plaintiff is not entitled to have the equitable remedy of injunction. Cases are cited in support of this contention, but the complaint here shows that plaintiffs have already exhausted their remedy by motion, without avail, so far as the court below is concerned, and to quote from *Merriman v. Walton*, 105 Cal. 408[3]: "The rule under which a court of equity declines to interfere until after the application for relief has been made to the court in which the judgment was rendered has no application when relief has

[1] 54 Am. St. Rep. 216.          [3] 45 Am. St. Rep. 50.
[2] 87 Am. Dec. 454.

been sought and denied in that court. The denial of that court to grant relief gives to the court of equity the same authority to interfere as if the other court was powerless to render aid." (See, also, *Thompson v. Laughlin, supra.*)

It is not necessary to determine whether the judgment in the claim and delivery case is void for want of a definite description of the property, for, treating the judgment as valid on its face, the other facts alleged in the complaint make a *prima facie* case for relief in equity.

The judgment should be reversed, with directions to the court below to overrule the demurrer to the second amended complaint.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to overrule the demurrer to the second amended complaint.

Henshaw, J., McFarland, J., Temple, J.