[Civ. No. 4265. First Appellate District, Division One.—November 24, 1922.]

## F. W. HOLLMAN, Respondent, v. A. C. WOLF, Appellant.

[1] ACCOUNTING—PARTNERSHIP—EVIDENCE—FINDINGS—JUDGMENT.—In this action for a partnership accounting, the findings of the trial court with reference to the existence of the partnership, the overdrafts by defendant, and the absence of any accounting during the life of the partnership, were supported by the evidence, and those findings, except for a clerical error made by the trial court in its calculations, justified the judgment in favor of the plaintiff.

[2] ID.—APPEAL—CORRECTION OF CLERICAL ERROR—COSTS.—The judgment in favor of respondent having been for a larger amount than it should have been, due to a clerical error which could have been corrected by the trial court, but appellant not having sought such relief, and the correction of the error having been only an incidental point on appeal, and respondent having consented to a modification of the judgment, it was a proper case for a modification of the judgment and for the assessment of the costs on appeal to appellant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Arthur W. Bolton for Appellant.

Walter H. Linforth and Samuel M. Samter for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the plaintiff for the sum of $2,326.01.

Plaintiff and defendant entered into a copartnership about June 1, 1906, for the purpose of carrying on a real estate business. The articles of copartnership drawn up at that time specified that all expenses, gains, profits and increase growing out of said business should be divided between the partners, share and share alike. However, during the continuance of the partnership, first one partner, the defendant, withdrew more money from the common fund than the plaintiff, and later on the plaintiff drew more than the defendant. A trial balance prepared by the bookkeeper of the firm June 30, 1919, showed a balance due the defendant of $434.25 and an overdraft of the plaintiff in amount of $1,170.75. It was shown that this result was reached by ignoring all entries in the books of the firm up to and including the end of the year 1914, during which time the overdrafts of the defendant occurred. This was done on the theory that at that time the partners struck a balance and thereafter made a readjustment of the net profits. The plaintiff in turn insists that from the beginning the defendant withdrew more money than plaintiff, due to the fact that he was a married man and required more money and

that an oral agreement was entered into that the first $400
profits was to be divided in the proportion of $225 to
defendant and $175 to plaintiff, and that when the profits
of the business justified, the difference in withdrawals would
be adjusted. This arrangement is alleged to have continued
until some time in 1910. Taking this version of the agree-
ment the excess of profits drawn by defendant over that of
plaintiff is $4,043.02, one-half of which is $2,021.51, or
$304.50 less than the amount found by the court to be due
plaintiff. Plaintiff concedes the amount allowed by the court
to be $304.50 too much and consents to a reduction of the
amount of the judgment to that extent.

[1] The court found that the partnership was created in
June, 1906, and continued until May 29, 1917, when it was
by mutual assent dissolved; that during that period the
defendant appropriated from the partnership funds an
amount in excess of that taken by plaintiff equal to
$4,652.02, due to the fact that during the latter part of
1908, all of 1909 and 1910, the defendant was given $225
out of the first $400 profits each month; that it was never
agreed but that there should be an equal division of the
profits, and the difference between the aforesaid amounts
would be adjusted at a later date and the overdrafts would
be made good to plaintiff.

Some question was raised about a nickelodeon business
in which the partners were interested and in which the de-
fendant alleged the plaintiff spent all his time for a con-
siderable period. The court found on this question that the
partners were jointly interested in the nickelodeon and that
the real estate business was also conducted for the benefit of
both.

The court also found that the trial balance hereinbefore
referred to, and which showed an overdraft against the
plaintiff, was prepared by the bookkeeper, solely at the
instance of the defendant, and that said trial balance was
not true or correct and did not show the true condition of
the account between the parties; that a true and correct ac-
count had been prepared from the inception of the partner-
ship to its dissolution, showing therein the entire profits
of the copartnership during the entire period and that the
same showed that defendant had drawn $4,652.02 more
than had the plaintiff. As conclusions of law from the fore-

going findings the court found that plaintiff was entitled to have and recover from defendant the sum of $2,326.01 and judgment was rendered accordingly.

The first contention of the appellant is that the judgment is not supported by the findings in relation to the amount thereof. The respondent concedes that the judgment is for too large a sum, due to a clerical error of the trial court, and consents that the judgment be modified so as to reduce the amount thereof by $304.50. However, this admission disregards another clerical error in plaintiff's favor, to the extent of $100, which we find exists in the addition of the amounts drawn by Hollman in the year 1908, as shown by his account. It is evident, therefore, that the amount of the judgment of the trial court should be reduced by $404.50. This would make the amount due $1,921.51.

The next contention of appellant is that the findings and judgment are not supported by the evidence, and in support of this contention attempts to show that there were three different methods of keeping the books during certain periods of the life of the partnership, and that as far as the personal accounts of the partners were concerned there must have been a different amount of compensation during those periods. However, taking into consideration the articles of copartnership having reference to the distribution of profits, there seems to be no contract or change sufficient to show otherwise than what the court found.

Appellant urges that the findings are contradictory, in that they find that the partnership was carried on under the original articles and then finds to the contrary as to the division of the profits. There is no inconsistency in the findings; the court found that this arrangement was temporary and not intended to change the original articles of agreement.

The finding that there was no accounting between the parties is assailed as not being supported by the evidence, the contention being made that there was an accounting in 1914 and also that the 1917 trial balance should therefore not be excluded. There is no sufficient evidence to support this contention and we feel the finding of the court to the contrary in this particular should not be disturbed.

[2] The question of costs is interjected into the case. It is conceded that the judgment must be modified, but whether such modification would place the burden of costs on respondent is the question. Respondent insists that the well-settled rule is that when a judgment is for a larger amount than it should have been, and respondent consents to a modification thereof, the appellate court will make the modification and affirm the judgment as thus modified. Respondent also insists that the error of $304.50, being purely clerical, and made by the court itself in its calculations, is one which the court below, if the matter was brought to its attention, would have corrected, and to which respondent would then have consented. The error in addition could also have been taken care of at the same time. The appellant insists, however, that the mistake is more than clerical, and that in order to arrive at the figures of respondent this court must exercise some of the functions of the trial court in an accounting. However, this is not the main point of appellant's case, it is only incidental, since he strenuously insists that the trial court erred in its conclusions and that the proper judgment should show a balance in favor of defendant of $725. In disagreeing with this conclusion we feel that this is a proper case for the modification of the judgment, the record showing that the rights of the parties can best be determined in this manner (*Fox* v. *Hale & Norcross*, 122 Cal. 221 [54 Pac. 731] ; *Atherton* v. *Fowler*, 46 Cal. 320; *Perine* v. *Lewis*, 128 Cal. 241 [60 Pac. 422, 772] ; *State Loan and Trust Co.* v. *Cochran*, 130 Cal. 247 [62 Pac. 460, 600] ; *McConnell* v. *Corona City Water Co.*, 149 Cal. 64 [8 L. R. A. (N. S.) 1171, 85 Pac. 929] ; *Pearsall* v. *Henry*, 153 Cal. 315 [95 Pac. 154] ) ; and that it is also a proper case for the assessment of the costs to the appellant, since he made no attempt to get relief in the lower court. (*Tryon* v. *Sutton*, 13 Cal. 490, 491; *Cassin* v. *Marshall*, 18 Cal. 689; *Noonan* v. *Hood*, 49 Cal. 293; *Behlow* v. *Shorb*, 91 Cal. 145 [27 Pac. 546] ; *Cutting Fruit Packing Co.* v. *Canty*, 141 Cal. 693 [75 Pac. 564].)

The conclusion of this court is that the judgment should be reduced in the amount of $404.50. If the respondent shall within fifteen days from the date of filing this opinion file in this court a remission of the sum of $404.50 from said

judgment, the judgment as thus modified will be affirmed, otherwise the judgment will be reversed. It is so ordered.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1923.

All the Justices concurred.