# DE COSTA *v.* THE MASSACHUSETTS FLAT WATER AND MINING COMPANY.

DEFENDANT dug a ditch on plaintiff's land, and in an action against defendant to abate the ditch as a nuisance and to have it filled up and for damages : *Held,* that plaintiff cannot recover as damages a sum sufficient to *fill up the ditch,* because the cost of filling it up might exceed any injury resulting from it in its present condition, and hence plaintiff might never fill it up.   Damages can be had for the injury sustained, and nothing more.

In some cases prospective damages are allowed, but this is not such a case.   Such damages can be allowed only when it appears that the party will be subjected to the particular loss or injury for which he demands compensation.

The parol license plead by defendant in this case is not sustained by the evidence. Plaintiff having recovered judgment that the ditch is a nuisance and that it be filled up, together with two hundred and twenty-five dollars damages as the expense of filling it up, the judgment is permitted to stand when modified by plaintiff's remitting the damages and paying costs of appeal.

APPEAL from the Eleventh District.

Suit to abate a nuisance and for damages.   The complaint avers,

in substance, that plaintiff is owner and in possession of a tract of about one hundred acres of land, enclosed by a ditch fence ; that the land has been used for agricultural purposes for several years last past; that defendants have wrongfully entered upon said land and constructed a ditch across it, which with its embankments, or the earth excavated, covered a space two hundred rods long and twelve feet wide, rendering so much of his land useless ; that the ditch so meanders as to render it difficult and almost impossible to plow the land along the ditch ; that as the ditch extends entirely across the ranch, many bridges are made necessary, etc., and that plaintiff has been damaged in the sum of two hundred and fifty dollars.

Prayer for a " decree against said defendant, adjudging said ditch to be a nuisance, and directing the same to be filled up and abated, and that plaintiff have judgment for two hundred and fifty dollars damages," and for all other and further relief.

The answer denied all these allegations, except as to the actual digging of the ditch, and averred plaintiff's consent to the digging of the ditch, defendants to pay for growing crops and repairing fences ; that it was an advantage to plaintiff, and that defendant— a mining corporation—had a right to dig it for mining purposes.

On the trial plaintiff offered a witness (Berry) as to damages, and asked him what it would cost to fill up the ditch as it was before.

Defendant objected to the question as irrelevant, and not a proper basis for damages. Objection overruled, defendant excepting. On cross-examination, defendant offered to show that the ditch was a benefit to the ranch. Objected to by plaintiff and ruled out.

The statement in the record as to a license to defendant to dig the ditch is as follows :

" Defendant attempted to show a parol license from the plaintiff to permit defendant to construct a ditch through his enclosure by proving admissions made by him in casual conversations, but no express contract was shown, nor was there any proof to show the terms of defendant's pretended license.

" The substance of the testimony as to plaintiff's admissions in regard to the license was as follows, to wit : That some member or

De Costa *v.* Massachusetts Mining Company.

agent of the corporation had on some occasion spoken to the plaintiff about running a ditch through his enclosure, and aked him if he had any objection. In reply, plaintiff asked him where the ditch would pass through his enclosure, and thereupon a particular point was pointed out to him at which the ditch would enter plaintiff's enclosure, and the plaintiff said he might not object to the ditch provided he was paid for the damages or right of way, but mentioned no sum which he would take, nor was he offered any sum; nor was there any agreement or understanding whatever as to what sum the plaintiff would accept or the defendant give."

Verdict for plaintiff for two hundred and twenty-five dollars damages. Decree for that sum, and also that the ditch " be, and the same is hereby declared to be a nuisance and ordered filled up." Defendant appeals.

*H. O. & W. H. Beatty,* for Appellant.

The Court below erred: 1st, in overruling the objection to Berry's testimony in relation to the cost of filling up the ditch, because that was not the proper criterion of damages; and 2d, in refusing to allow the defendants to prove that the digging of the ditch was a benefit and not a disadvantage to the owner of the land. (Sedg. on Dam. 136, 454; *Jones* v. *Gooday,* 8 M. & W. 146; 4 Mason, 115; 7 Mass. 254; *Canal Co.* v. *Rowan,* 4 Dana, 606; *Walker* v. *Smith,* 1 Wash. C. C. R. 152.)

*S. W. Sanderson,* for Respondent.

Testimony showing what it would cost to fill up the trench complained of was properly. admitted.

This action was brought under the two hundred and forty-ninth section of the Practice Act to abate an alleged nuisance, and for damages; specially asking a decree directing the trench in question to be filled up. The trench, as appears from the complaint, was a continuing nuisance, and could be abated only at the cost of filling it up. When filled up the premises would be restored to their former condition; and in no other way could the plaintiff secure to himself again the free and unobstructed enjoyment of the same. This filling up was made necessary by the act of the de-

fendant. The obstruction to the enjoyment of his property by plaintiff, created by the act of the defendant, could not be removed in any other manner. The cost of filling up was, therefore, the immediate and direct fruit of the wrongful act of the defendant, and constituted a part of the injury sustained by the plaintiff at the hands of the defendant.

The general rule for the ascertainment of damages is correctly stated by Washington, J. in *Walker* v. *Smith*, (1 Wash. C. C. R. 152) cited by appellant, where he says : " In cases where a rule can be discovered the jury are bound to adopt it. That rule is, that the plaintiff should recover so much as will repair the injury sustained by the misconduct of the defendant." About this general rule there is no dispute. The difficulty, if any exists, is found in applying this rule to the facts of a given case. When an entire destruction of property is the consequence of the act of the defendant, the measure of damages is the value of the property. Where there is only a partial destruction, we are compelled to adopt a different method in order to ascertain the amount of the injury. The question now is : " What is the difference between the value of this property in its injured condition, and the value before the injury was done ? " This difference constitutes the real damage, and may be ascertained in different ways. First, by asking the witness what the property would have sold for before it was injured, and what it will sell for now ; or by asking what it will cost to repair this property so as to make it sell for as much as it would have brought before it was damaged. By either method the result is the same. This is apparent from the process by which the witness would naturally arrive at an answer to the first question. He would necessarily compute the cost of repairing the property and placing it in its first condition before he would be able to state the difference in value. There is no other process by which he could arrive at the difference in value. So far as the admission of testimony upon the question of damages was concerned, the Court below had to assume that the ditch in question was a nuisance and could only be abated by filling it up; and that there was no other cheaper way of removing the obstruction. The complaint showed that the excavated earth was not removed, but lay along the side of the ditch

De Costa *v.* Massachusetts Mining Company.

convenient to be thrown back. This was not such a case, therefore, where the cost of filling up might be greater than the whole value of the premises. That there might be cases where the rule contended for by respondent in this case would not be the proper measure of damages, is not disputed.

II. The testimony does not show that any license was ever given defendant to dig the ditch.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an action to abate a nuisance, and for damages. The nuisance was caused by the digging of a ditch upon the land of the plaintiff. The Court ordered the nuisance to be abated, and awarded as damages a sum sufficient to pay the expense of filling up the ditch, and restoring the land to its original condition. In assessing the damages, the Court proceeded upon an incorrect basis, and, of course, arrived at an erroneous result. The plaintiff could not recover beyond the injury sustained, and it was improper to award compensation for an expense which might never be incurred. It is possible that the cost of filling up the ditch may far exceed any injury resulting from it in its present condition, and in that case it is not probable that the amount recovered would ever be used for that purpose. There are, undoubtedly, cases in which it is proper to allow prospective damages; but it is certain that the present case does not belong to that class. "If the case be tort," says Sedgwick, "and the wrong done before suit brought, the plaintiff is not limited solely to the consequential damage which has actually occurred up to the trial of the cause, but he may go on to claim relief for the prospective damage, which can then be estimated as reasonably certain to occur." (Sedg. on Dam. 109.) It is evident that relief of this character cannot be obtained, unless it appear that the party will be subjected to the particular loss or injury for which he demands compensation.

The defendants failed to make out a defense under their plea of a parol license. The evidence upon that point was wholly insufficient, and our conclusion from it is, that no such license was in fact ever given. There is nothing in the record making it necessary to

40

examine the questions upon that subject so elaborately argued in the briefs of counsel.

The only error is that to which we have referred; and to avoid a reversal on that ground, the plaintiff offers to remit the damages. This he has the right to do, and the judgment will, therefore, be modified in accordance with that offer. Thus modified, it will be permitted to stand, but the plaintiff must pay the costs of the appeal.

Ordered accordingly.