HORACE W. CARPENTIER *v.* J. H. N. GARDINER.

WILL AS EVIDENCE.—A will is not a conveyance within the provisions of the Act concerning conveyances, which can be read in evidence upon the certificate of proof, or of acknowledgment by a Notary.

IMMATERIAL ERROR.—A judgment will not be reversed for an error which is immaterial.

CHANGE OF FINDINGS OF FACTS.—A Judge cannot change his findings of facts in a material particular after the entry of judgment on the findings and the adjournment of the term.

REMISSION OF DAMAGES, OR NEW TRIAL.—If the findings are not sustained by the evidence on a question of damages, the Court may require the plaintiff to remit the damages, or submit to a new trial.

OUSTER OF A CO-TENANT.—A denial of the title of a co-tenant by a tenant in common in the possession of land owned by the two as tenants in common, is evidence of an ouster of the co-tenant.

SET-OFF OF VALUE OF IMPROVEMENTS AGAINST DAMAGES.—The Court cannot, in an action to recover lands, set off the value of improvements against the damages, if the defendant does not desire it.

VACATING A FINDING BY APPELLATE COURT.—If, in an action to recover lands, the Court finds damages, but gives judgment for possession without damages, and the plaintiff appeals from that part of the judgment refusing damages, and the defendant appeals from the order denying a new trial, the appellate Court may vacate the findings as to the damages if not justified by the evidence.

CONFLICT OF TESTIMONY.—If, in an action to recover lands, the testimony of five witnesses who know the premises, on a question of damages, is contradicted by one who testifies with respect to a much larger tract, including the premises in dispute, but without knowing their location, it is not such a conflict of testimony as will preclude the appellate Court from setting aside a finding in accordance with the testimony of the one.

FINDING OF FACTS.—The appellate Court will not find the facts upon the evidence in the record.

RELEASE OF CLAIM FOR DAMAGES IN SUPREME COURT.—If the Court below finds damages in an action to recover lands, but gives judgment for possession only, and the appellate Court determines that the finding is not sustained by the evidence, the judgment, on an appeal by both parties, will be affirmed, if the plaintiff releases his claim for damages.

CASES AFFIRMED.—*Carpentier* v. *Webster,* 27 Cal. 524, and *Carpentier* v. *Mitchell, post,* affirmed.

APPEAL from the District Court, Fourth Judicial District, Contra Costa County.

This was an action to recover possession of a tract of land containing eight hundred and fifty acres, parcel of the Rancho Laguna de los Palos .Colorados, granted by the Mexican Government to Juan Bernal and Joaquin Moraga, and for damages for its detention.

Juan Bernal died in 1847. Plaintiff offered in evidence, as a conveyance of real estate, the will of Bernal, made in March, 1847, with the proof of its execution by one of the subscribing witnesses thereto before a Notary Public, and with a certificate of its record as a deed in the records of Contra Costa County. Defendant's attorney objected to the same because its execution had not been proven, but the Court overruled the objection. Plaintiff then proved that by proper mesne conveyances he had acquired the interest of the devisees in the will. It was admitted that the devisees in the will were the heirs at law of Bernal.

The defendant, in his answer, admitted that the plaintiff was a tenant in common with him in the premises. The plaintiff also to prove an ouster offered in evidence the separate answer of the defendant in an action to recover the same land, commenced by the plaintiff against the defendant and others in the District Court of Contra Costa County, on the 20th day of November, 1862, in which answer the defendant had denied plaintiff's title to the demanded premises, or to any portion thereof, and set up title in fee in himself.

After the adjournment of the term at which the cause had been tried, and the findings of fact filed and judgment entered, the Judge corrected his findings of fact by reducing the amount of damages found.

The other facts are stated in the opinion of the Court.

21

*H. W. Carpentier*, in *pro. per.* for Plaintiff, argued that the admission of the will of Bernal in evidence was not error, and cited *Castro* v. *Castro*, 6 Cal. 161; *Grimes* v. *Norris*, 6 Cal. 625, and the Act concerning conveyances, Sec. 29.

He also argued that the denial by his co-tenant of his title, and claim of exclusive title in himself, was an ouster, and cited 2 Greenleaf Ev., Sec. 318; *Clymen* v. *Dawkins*, 3 How. U. S. 689; and 33 Missouri, 211.

*Wm. Hayes*, for Defendant, argued that the form of proof applicable to conveyances to entitle them to be received in evidence did not apply to wills, and cited Sec. 36, Act concerning conveyances. He also contended that at common law, the occupation of the entire common property by one tenant in common claiming the whole, and denying the title of his co-tenant, did not operate as an ouster, nor did it change or affect the possession of the co-tenant, and cited *Smales* v. *Dale*, Hobart, 120—library edition, 265; *Carpenter* v. *Thayer*, 15 Ver. 555; and 4 Kent's Com., marginal page 369.

By the Court, SAWYER, J.

Some of the points relied on in this case have been already determined in the cases of *Carpentier* v. *Webster*, 27 Cal. 524, *Carpentier* v. *Mendenhall*, 28 Cal. 684, and *Carpentier* v. *Mitchell*, *post*.

*Admission of a will in evidence.*

The will of Bernal was improperly admitted in evidence without further proof of its execution. Admitting that its operation was to convey the title, a will is not a conveyance within the provisions of the Act concerning conveyances, which can be read in evidence upon the certificate of proof by a Notary. A will is excluded in express terms by the thirty-sixth section of the Act. But the error is immaterial; for it was admitted on the trial that the devisees of the will, under whom the plaintiff claims, were the heirs at law of the testator.

*Change of findings of fact after adjournment of term.*

The findings, as they were originally filed, must be regarded as the findings in the case. The Judge was not authorized to change them in material particulars after the entry of judgment upon the findings, and the adjournment of the term. Defects might be supplied at the proper time and in the proper mode, in pursuance of the Act of 1861. In denying a new trial, the Judge, if he thought the evidence insufficient to justify the findings as to the amount of damages, might have required the plaintiff to remit the excess as a condition of the refusal, and this, rather than a modification of the findings, would have been the proper practice.

The point, that there can be an ouster by a tenant in common of a part of the entire tract held in common, was settled in *Carpentier* v. *Webster.* This point being determined, the evidence in our judgment is sufficient to sustain the finding that there was an ouster. The overwhelming weight of authorities as to what acts are sufficient evidence to establish an adverse holding, from which an ouster may be inferred, sustains this conclusion.

The Court erred in the conclusion that the value of the improvements should be set off against the damages, for the reason, if for no other, that the defendant did not ask it, but, on the contrary, protested against it. Neither party desired it. The result, however, was, that the plaintiff only recovered the possession without damages.

*Findings not warranted by the evidence.*

The plaintiff appeals from that part of the judgment denying damages, while the defendant appeals from the whole judgment, and from the order denying a new trial. One of the grounds of the motion for new trial, is, that the evidence does not justify the findings upon the value of the rents and profits. If this point is well taken the findings must be vacated, and there will be no basis left for the plaintiff's appeal. That the

evidence does not justify the finding upon this point is clearly manifest, whether the plaintiff is entitled to recover the value of the premises with or without the improvements put upon them by the defendant. Five witnesses of the defendant, who were acquainted with the premises, testified that, without the improvements placed upon the premises by defendant, they would be of no rental value; and some of them, that, with such improvements, the yearly value was from four hundred dollars to five hundred dollars per annum—the latter being the highest sum named; while one witness only testified, on the part of the plaintiff, that without the improvements, the land was worth fifty cents per acre per annum, and with them, one dollar and a half or two dollars per acre per annum. But on cross-examination he said, " I do not know the particular land Gardiner occupies; I know the Moraga Rancho; I speak generally of all the land on the Moraga Rancho." The whole rancho contains upward of thirteen thousand acres. This is the entire testimony. The finding is, that the land, without the improvements, is worth fifty cents per acre, and with them two dollars per acre—the highest sum named by the latter witness. In this case the evidence was overwhelming against the finding, and there is not such conflict as to bring it within the rule heretofore adopted by this Court. In fact it cannot be properly said that there is any conflict, for the plaintiff's witness testified as to the whole rancho, without reference to, or knowing the particular land in dispute; while defendant's testimony was directed to the land in controversy, with which the witnesses were personally acquainted. The testimony as to the value, then, did not have reference to the same subject matter, and the finding is wholly unsupported by evidence. It is but just to the Judge who tried the cause to say that he discovered his mistake and attempted, when too late, to correct it by subsequent modification. And his successor also, upon denying the new trial, directed similar modifications. The Court below, therefore, was dissatisfied with its findings, but was powerless to modify them in the mode pursued. It is not our province to find the facts upon the evidence in the record,

and for this reason a new trial would be necessary if the plaintiff should insist upon damages. The plaintiff, in his brief, in case the Court is of the opinion that there was error in the finding, " offers to remit such portion of the sum mentioned in the finding as the Court may think proper." The finding does not afford the data for making any apportionment. This could only be done by assuming the functions of a jury, and finding the damages upon the evidence—a duty which is not devolved upon this Court. The entire damages must be remitted, or the judgment reversed and a new trial had. We suppose, from the offer made, that the plaintiff would prefer to remit· the whole rather than to submit to the delay and inconvenience consequent upon a new trial.

It is, therefore, ordered that plaintiff have fifteen days within which to file in this Court a release of all damages claimed in this action, and that upon filing such release in due form, the judgment for possession be affirmed; but in default of filing such release, that the judgment of the District Court and the order denying a new trial be reversed and a new trial granted.

And it is further ordered that neither party recover costs of appeal as against the other.

Mr. Justice RHODES expressed no opinion.