Joseph Agate *against* Abraham Lowenbein and Henry Morrison.

(Decided December 31st, 1875.)

In an action to recover damages for the removal of partitions, gas fixtures, &c., from a building by lessees, holding under a lease which provided that they should have the right to make any inside alterations they might think proper, provided they did not injure the premises, the cost of restoring the premises to their former condition cannot be taken into account.   The measure of damages is the diminished value of the property, or the difference in the market value of it before the alterations and after.

APPEAL by defendants from a judgment of this court, entered on the verdict of a jury, after a trial before Judge ROBINSON.

The facts are stated in the opinion.

*H. Morrison*, for appellants.

*C. Bainbridge Smith*, for respondent.

JOSEPH F. DALY, J.—Action for damages on account of injuries to premises Nos. 645 and 647 Broadway, caused by defendants' removal of certain partition walls and partitions, gas fixtures, &c., in the upper floors of said premises. Defense, that defendants were the assignees of the lessees of said premises, under a lease from plaintiff, which provided that the lessee should " have the right to make any inside alterations to said premises, as he may think proper, provided that the same do not injure the premises hereby leased."

The right of the lessor to maintain this action before the expiration of the lease was established by the decision of the Commission of Appeals in this case (*Agate* v. *Lowenbein*, 57 N. Y. 610).

Under the charge of the court, the jury found a verdict for plaintiff, for $7,708 77, being $6,286 damages and interest. The rule of damages laid down by the court for the guidance of the jury in case they found that the plaintiff was injured and the property depreciated in value by the alterations made by the defendants, was " that the jury might, in estimating the damages, take into consideration the decrease in rental value, and the reasonable value of restoring the premises to their former condition ; " and, again, that the jury might " take into consideration the rental value as a basis of their calculation ; and, of course, also take into consideration the expenses of restoring the property to its former condition."

The charge was erroneous in respect to permitting the jury to take into consideration the value or the expense of restoring the premises to their former condition. The lessees and their

assignees, the defendants, had the right under the lease from plaintiff to make any inside alterations to said premises, as he and they may think proper, " provided the same did not injure the premises." The defendants had the right to make *alterations*, so that in no event were they bound to deliver up the premises at the expiration of their term in the same state and condition and shape as when the term began, and they cannot be held liable for the cost of *restoring* the premises to their *former condition*. The lease contains no such provision, but a license, on the contrary, to make inside alterations. The premises were originally fitted up as a hotel or lodging house, the upper floors being divided into many apartments and closets by partitions with doors; the defendants tore down and destroyed all these partitions and doors, throwing each whole floor into one large loft or apartment for the purposes of a printing business, electrotyping establishment, &c. But as the lease containing the license for alterations restricted them to such as should not injure the premises, defendants became liable to respond in damages for any injury to the property inflicted by making such changes. The Commission of Appeals, in the opinion delivered in this case (cited above), say : " Whether the acts which defendants did really caused injury, or whether they were reasonably required for the enjoyment of the premises, according to the business which they carried on, cannot be determined as a question of law. It depends upon the character of the building, its position upon a principal street in the city of New York, the nature and requirements of the defendant's business, or of other business to which the building might be adapted, the extent of the alterations, and their effect upon the property, whether permanent or transitory." . The question first presented to the jury, whether within the meaning of the term " injury," as thus explained, applicable to the present case, the premises were or were not " injured " by defendant's alterations, was determined by them in the affirmative. In considering the question of damages, they should have been instructed that the measure of plaintiff's damage was the diminished value of the property, or difference between its value before the alterations and after—the difference in the market value (Mayne's Law of

Damages, ch. 14, p. 330, 2d ed.; *Hosking* v. *Phillips*, 3 Exch.
168; *Jones* v. *Gooday*, 8 M. & W. 146; *Da Costa* v. *Mass. F.
M. Co.* 17 Cal. 613; *Smith* v. *Peat*, 9 Exch. 166; *Doe ex dem.
Rowland*, 9 Car. & P. 740; *Mills* v. *Guard of Pow.* 27 L.
Times R. 560).

Certain authorities cited by respondent, seem to favor the
rule under which the case went to the jury, *i. e.*, that plaintiff
was entitled to the cost of restoring the premises.   The case of
*Duke of Newcastle* v. *Hundred of Broxtowe* (4 B. & Ad. 273),
was the case of a house pulled down and destroyed by a mob,
and it was charged that the jury ought to consider what sum
would be necessary to repair the injury and replace the building
in the state it was before.   This was in effect but the rule con-
tended for by appellants; if the house were destroyed, the dif-
ference in value between what it was before and after the in-
jury was in fact its whole value at the time of destruction,
or the cost of completely restoring it.   The case of *Austin*
v. *Hudson River R. R. Co.* (25 N. Y. 334) presents much
the same features.   There the walls of plaintiffs' building,
erected on a pier, fell because of the excavations adjoining
made by defendants.   The judge charged that plaintiffs
were entitled to recover " the amount of damages actually sus-
tained, including loss of rent from tenants."   Wright, J., says
that " it is not seriously questioned that plaintiffs were entitled
to recover the cost of repairing and putting the building in as
good condition as it was before the injury," referring doubtless
to the fact afterwards stated by Allen, J., that the measure
of damages was not made a question on the trial.   The dis-
cussion by both the learned judges, of the measure of damages,
a question not raised on the trial so as to require investigation
on the appeal, can hardly be regarded as intended as an author-
itative enunciation of the general law; but in that particular
case where the walls of the building had fallen and it was un-
tenantable, the difference in value before and after the injury
was the whole cost of construction.   And so in the case of *Cook*
v. *Champlain Trans. Co.* (1 Denio, 91), for the total destruc-
tion of buildings and machinery by the negligence of defend-
ant, it was decided that the measure of damages "should be
the value of all the property destroyed."   Even in actions of

damages for breach of covenant to repair premises, the measure is the difference in value of the premises as they were and as they would have been had they been kept in repair (*Cook* v. *Soule*, 56 N. Y. 421). The rule that the defendant must answer for the diminished value of the premises, and not the cost of restoration, is especially appropriate in this case, where the express right to alter was reserved, and where the limit of such right was any injury to the premises. If they were so injured that the rental value was lessened; if they were worth less when altered than before, and could not be let so easily or profitably, defendants must make up the difference; if they were in nowise lessened in market value or rental value, plaintiffs have suffered nothing, and this is wholly irrespective of the cost of any restoration whatever.

The judgment should be reversed and new trial ordered, costs to abide event.

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Ordered accordingly.