[No. 6,544.—In Bank.]

## B. F. M. PACKARD v. W. B. JOHNSON.

Co-tenants—Ouster—Statute of Limitations—Findings.—In an action of ejectment, the defendant pleaded the Statute of Limitations, and the Court found, in effect, that on a certain day the plaintiff and S., the grantor of defendant, were in possession of the demanded premises; that afterwards, one C. made a quit-claim deed, purporting to convey the premises to S.; that S. thereupon entered into the open, notorious, and exclusive possession of said land, claiming to be the owner of the entirety thereof, under said deed, built a dwelling-house thereon, and inclosed the whole thereof with a substantial fence, and received the profits to his exclusive use, claiming to be the sole owner of the entirety; and so continued until he conveyed said premises and delivered possession thereof to the defendant; and thereupon, and more than five years before the commencement of the action, the defendant entered upon, and has ever since been in the sole, open, notorious, and exclusive possession, keeping the same inclosed, as aforesaid, and receiving the entire profits to his exclusive use, and claiming to be the owner under said deed of the whole thereof. *Held*, not to be a sufficient finding of an ouster.

Id.—Id.—A tenant in common is ousted by his co-tenant, only when he is aware that his co-tenant in possession claims the land as exclusively his own, or (at the very least) when, as a prudent man reasonably attentive to his own interests, he ought to have known that his co-tenant asserted an exclusive right to the land.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fifth District Court, County of San Joaquin. BOOKER, J.

The Court below made no finding upon the issue of the Statute of Limitations, other than as stated in the opinion.

After the decision, the respondent filed his petition that the appeal be reheard in bank, and the application was denied.

*J. H. Budd*, and *F. T. Baldwin*, for Appellant.

The findings of the Court sufficiently show an adverse possession in defendant sufficient to bar this action.

But if these findings do not establish an adverse possession sufficient to bar this action, then there is no finding of fact on the issues raised by the answer of defendant setting up adverse possession as a bar to the action. The findings should respond to every material issue of fact raised by the pleadings.

The Statute of Limitations does not deprive the owner of land of his ownership. Whether the statute be held to create a new title or to be a bar to the remedy, the effect of such statute has never been held to operate as a transfer of title. A person may have ownership of land, and yet not be entitled to its possession by reason of the statute.

*John C. Hall*, for Respondent.

McKINSTRY, J.:

Ejectment. In his complaint plaintiff alleges that he is the owner " of an undivided one-half interest" of, in, and to the tract of land therein described.

After certain denials, the answer proceeds:

" Further answering said complaint, and as a special defense to said action, defendant avers that for more than five years prior to the commencement of said action the defendant, and those through and under whom he claims, holds, and owns, have been in the continuous, actual, open, and notorious and exclusive possession of said premises, holding *adversely* to the plaintiff's pretended right or claim, and holding the actual, open, notorious, and exclusive possession of said tract of land and premises, and of every part and portion thereof, *adversely* to said plaintiff and all comers. Defendant avers, that neither the plaintiff nor his ancestors, prodecessors, or grantors, nor any or either of them, was or were, or have been, seized or possessed of the premises sued for, or of any part or portion thereof, within five years next before the commencement of this action."

No objection has been made to the foregoing as a plea of the Statute of Limitations. Did the Court below *find* upon the issue thus presented ?

The Court found, in effect, that, prior to the 24th day of September, 1860, and from November 15th, 1859, the plaintiff and one Sanor, grantor of defendant, claimed a right to the possession, and exercised acts of ownership upon a tract of land, including the demanded premises, as *tenants in common;* that Sanor then, for a valuable consideration by him paid, took and received a deed from one Cocke, whereby the latter remised, released, and quit-claimed to said Sanor all his estate, right, title,

and interest in the lands whereof Sanor and plaintiff had there-
tofore claimed to be the owners as tenants in common; that
Sanor thereupon went into the open, notorious, and exclusive
possession of said land, claiming to be the owner of the entirety
thereof, under said deed—"said Ward (who had previously
conveyed to plaintiff and Sanor), Sanor, and plaintiff having
prior to that time had possession of said land to the extent of
grazing their stock thereon; and said Sanor, within four months
after such purchase, so claiming to be the owner thereof, built
a dwelling-house and barn thereon, and inclosed the whole
thereof with a good and substantial fence, *  *  *  and said
Sanor, from the time he built said dwelling-house, and until the
time of his conveyance to defendant, *  *  * lived in said
dwelling-house with his family, and was in the open, notorious, and
exclusive possession," *  *  * keeping the same inclosed as
aforesaid, and receiving to his exclusive use the rents, issues,
and profits of the whole, "*claiming to be the sole owner of the en-
tirety thereof.*"

The Court further found, that, on the 3rd of December,
1864, Sanor and wife, by deed, remised, released, and quit-
claimed to defendant, for the consideration of $500, all their in-
terest in the land described in the complaint; that on the day of
the execution of said deed, Sanor delivered possession of the en-
tire premises to defendant, who has since been in the sole, open,
notorious, and exclusive possession of the same, keeping the
same inclosed with a good and substantial fence, and receiving
to his exclusive use and benefit the entire rents, issues, and
profits—"claiming to be the owner under said deed of the
whole thereof."

Neither of these is a finding that plaintiff was *ousted* more
than five years before the commencement of the action, and
that defendant, or defendant and his grantor, had been in *adverse*
possession since the ouster; or a finding that defendant or his
grantor was in *adverse* possession continuously more than five
years prior to the commencement of the action; or a finding
that defendant for more than five years prevented plaintiff from
entering into the enjoyment of the premises in common with
himself.

It is not necessary here to decide whether a "finding" is suf-

ficient if it be as broad as the pleading.   In the case before us, the Court below failed to find the material and ultimate fact alleged.   While the facts found *tended to prove* adverse possession for the statutory time, yet the facts found did not necessarily constitute adverse possession.   The plaintiff was in possession by and through defendant, his co-tenant, when (as found) defendant determined to assert a claim to be the sole owner. When was plaintiff ousted ?   From the moment defendant began to claim the land as exclusively his own?   Not so ; but from the point of time when plaintiff became aware of such claim, or (at the very least) from the time when, as a prudent man reasonably attentive to his own interests, he ought to have known that his co-tenant asserted an exclusive right to the land of which both had had the common possession.   The purchase of an outstanding claim of title by Sanor, and his quit-claim to defendant (if plaintiff had notice of the purchase and conveyances, which does not appear), the greater or less notoriety of defendant's exclusive claim, his erection of buildings and other improvements, the pernancy of the entire profits, the payment of the taxes, and the like, are evidentiary circumstances, of more or less weight, tending to prove ouster and adverse possession—no more.   All of them may have occurred or existed, and yet plaintiff may not have known (or, as a prudent man, as aforesaid, may not have been bound to know) that defendant claimed the whole title, and so may not have been ousted five years before the commencement of the action, nor the defendant have had *adverse* possession for that length of time.

The difference between the finding in a special verdict—of an *ouster*—and of probative facts, which go toward establishing an *ouster*, was pointed out in *Carpentier* v. *Mendenhall*, 28 Cal. 484.   It is illustrated in *Carpentier* v. *Webster*, 27 Cal. 524, where the occupant refused to *let in* his co-tenant.   In *Carpentier* v. *Gardner*, 29 Cal. 160, where it was held that the denial of any title in the co-tenant was evidence of ouster.   It has been said that the taking of actual possession of land under a deed which purports to convey the whole thereof, under a belief that it conveys the whole, while in fact it gives title to an undivided portion only, is not an ouster of a tenant in common who owns the other undivided part.   (*Seaton* v. *Son*, 32 Cal. 481.)

The findings in the record are not of such probative facts as enable the Court to declare that the ultimate fact of adverse possession necessarily results from them. (*Conveny* v. *Hale*, 49 Cal. 552.)

Judgment and order reversed, and cause remanded for a new trial.

MORRISON, C. J., THORNTON, J., MYRICK, J., and SHARP-STEIN, J., concurred.

Ross, J., concurred in the judgment.