[No. 6,210.—Department One.]
FRANK H. WOODS ET AL. v. GEORGE B. MERRILL.

PRACTICE—FINDINGS—INSUFFICIENCY OF EVIDENCE—NEW TRIAL.—On a mo-
tion for a new trial it appeared that the evidence sustained the findings, ex-
cept that the evidence showed that a certain sum should have been credited
to the defendant, and such credit was by some mistake not allowed in the
findings; the new trial was denied. *Held*, on appeal from the order and
judgment, that the order should be affirmed, and the judgment modified so
as to allow said credit.

APPEAL from a judgment for the plaintiff, and an order de-
nying a new trial, in the Twelfth District Court, City and
County of San Francisco. DAINGERFIELD, J.

*George B. Merrill*, for Appellant.

*Jarboe & Harrison*, for Respondent.

Ross, J.:

The objection that the findings of fact are not sustained by
the evidence is not well taken. From the findings, it appears
that the plaintiffs are stockbrokers, and as such, from time to
time between the 16th of May, 1873, and the 14th of May,
1875, at the request of the defendant, bought and sold for him
various stocks, and paid out for him various sums of money.
On the 30th day of September, 1874, plaintiffs and defendant
had an accounting of the different transactions between them,
and of the moneys paid out by the plaintiffs for the defendant,
and upon such accounting it was found and agreed by the re-
spective parties that the amount of $8,098.70 was the balance
due to the plaintiffs from the defendant. Afterwards the
plaintiffs paid out for the defendant, at his request, the follow-
ing sums of money, to wit: $50 on the 2d of November, 1874;
$1,000 on the 30th of November, 1874, and $200 on the 19th of
March, 1875.

On the 5th of January, 1875, the plaintiffs held, as security
for the said indebtedness five hundred shares of the capital
stock of the Silver Hill Mining Company belonging to the de-
fendant. On that day defendant gave to the plaintiffs written
instructions to sell the stock at their discretion for his account.

Pursuant to these instructions the plaintiffs, on the 7th day of January, 1875, sold four hundred shares of the stock for $7,600, deducted their commissions therefrom, amounting to $38, and placed the balance, to wit, $7,562, to the credit of the defendant; but, by some mistake in the Court below, the defendant in lieu of this was only allowed a credit of $6,862. Instead of the sum last mentioned, he should have been allowed a credit of $7,562, as of date January 7th, 1875.

On the 14th of May, 1875, the plaintiffs sold the remaining one hundred shares of the stock for $962.50, deducted therefrom their commissions, amounting to $4.81, and placed the balance—$957.69—to defendant's credit. The stock had no fixed market value, and the plaintiffs, in making the sales as they did, acted as they thought would best promote the interest of the defendant. The plaintiffs must be credited with the amounts paid out by them for the defendant, and must be charged with the amounts received by them on his account, and are entitled to judgment for the excess of the former over the latter, with legal interest thereon. The order denying the motion for a new trial must be affirmed; but for the error occurring in the item of January 7th, 1875, the judgment must be reversed, and the cause remanded to the Superior Court, with directions to modify the judgment as herein indicated.

Ordered accordingly.

McKINSTRY, J., and McKEE, J., concurred.