[S. F. No. 683.   In Bank.—October 4, 1898.]

M. W. FOX, Respondent, v. HALE & NORCROSS SILVER MINING COMPANY et al., Appellants.

Appeal from Judgment—Modification.—The appellate court will modify the judgment appealed from, whenever it appears from the record, or from the admission of the parties, that their rights can be finally determined thereby, or when the respondent asks for or consents to such modification.

Id.—Judgment for Damages—Release by Respondent.—Upon appeal from a judgment for damages, rendered in several sums, upon two distinct causes of action, only one of which is assailed by the appellant, when the respondent releases the appellant from the portion of the damages involved in the appeal, and withdraws his claim to a judgment for such damages, upon his motion in this court the court below will be directed to modify the judgment in accordance with such withdrawal, and as so modified the judgment will be affirmed.

Id.—Judgment Ordered upon Former Appeal—Second Appeal.—Where a judgment for damages upon one cause of action was ordered to be entered in favor of the plaintiff upon a former appeal, and was entered by the court below in accordance with the mandate of the appellate court, there is no ground for a

second appeal therefrom, and it must be affirmed upon such second appeal.

ID.—COSTS OF SECOND TRIAL—WITHDRAWAL OF ONE CAUSE OF ACTION.—The right of the prevailing party to costs is statutory, and all the costs in the action may be recovered by the plaintiff, if he recovers judgment for more than three hundred dollars upon any one cause of action, and the costs of a second trial are recoverable by the plaintiff in such case, notwithstanding the withdrawal upon appeal of the cause of action then tried.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court, and in its opinion rendered upon the former appeal. (*Fox v. Hale etc. Min. Co.*, 108 Cal. 369.)

W. F. Herrin, Lloyd & Wood, Garber, Boalt & Bishop, Bishop & Wheeler, W. E. F. Deal, Robert Y. Hayne, and E. R. Taylor, for Appellants.

W. T. Baggett, L. D. McKissick, and E. A. Pillsbury, for Respondent.

HARRISON, J.—The facts in this case were fully recited in the opinion given upon a former appeal (*Fox v. Hale etc. Min. Co.*, 108 Cal. 369), and need not be repeated. Under the complaint a recovery is sought from the appellants in behalf of the corporation upon two distinct claims or causes of action, one for the difference between the amount paid by the corporation for the milling of the ores and the actual cost thereof, and the other for damages sustained by reason of imperfect and fraudulent milling of the ores. At the former trial of the cause, the superior court found that upon the first of these claims the corporation had paid $210,197.50 for milling the ores in excess of the actual cost thereof, and that upon the other cause of action it had sustained damage to the amount of $789,618, and rendered judgment against the appellants for these amounts. Upon the appeal therefrom this court affirmed the decision of the superior court upon the first issue, but reversed its decision upon the second, and remanded the cause with directions to the superior court to enter a judgment against the appellants herein, as of the date of its former judgment, for the amount of $210,197.5(

with interest from that date.   Upon the issue presented by the claim for damages sustained by reason of the imperfect and fraudulent milling of the ores, the order denying a new trial was set aside, and the superior court was directed to retry that issue, and make its findings of fact in accordance with the views expressed in the opinion of this court.   After the cause had been remanded to the superior court, that court, in obedience to these directions, proceeded to take evidence upon the second of the above issues, and made its findings of facts thereon, in which it found that the corporation had sustained damage in the sum of $417,683 from the fraudulent and imperfect milling of the ores; and thereupon entered judgment against the appellants herein that the plaintiff have and recover from them for the use and benefit of the corporation the sum of $210,197.50, with interest thereon from the eleventh day of June, 1892, at the legal rate, upon the issue presented by the claim for having paid an excessive price for milling the ores, and the further sum of $417,683, with interest thereon from the eleventh day of June, 1892, upon the issue presented by the claim for damages sustained by reason of the imperfect and fraudulent milling of said ores.   From the judgment thus entered the present appeal has been taken.   After the hearing of the appeal the respondent filed herein a release of all claim for damages by reason of the imperfect and fraudulent milling of the ores, and has made a motion that the judgment appealed from be modified by striking out that portion thereof which was rendered upon the issue presented by this claim, or which authorizes a recovery from the appellants of any portion of the damages thus sustained; and that upon such modification the judgment appealed from be affirmed.   In reply thereto it is urged by the appellants that, instead of granting the motion the cause should be remanded to the superior court and the motion made there.

The motion of the respondent is, however, in accordance with the invariable practice of this court.   This court does not reverse a judgment or direct a new trial, if it is able from the record to determine the rights of the parties, but will itself make a final determination of these rights by a correction or modification of the judgment.   Under its authority to modify any judgment or order appealed from, whenever it is shown, either by

the record on appeal, or by the admission or consent of the parties, that their rights can be finally determined here, this court will render its own judgment to that effect, or will direct such action in the court below as in its opinion will best conserve the rights of the parties to the action, without subjecting them to further delay or expense.    This rule is followed whether the error is found upon an examination of the record (*Kern Valley Bank v. Chester*, 55 Cal. 49; *Woods v. Merrill*, 57 Cal. 435); or appears upon the face of the judgment (*Union Water Co. v. Murphy's F. F. Co.*, 22 Cal. 621; *Foucault v. Pinet*, 43 Cal. 136); or is confessed by the respondent (*Atherton v. Fowler*, 46 Cal. 320; *Oakland Paving Co. v. Bagge*, 79 Cal. 439; *Zellerbach v. Allenberg*, 99 Cal. 57); or when the respondent asks for or consents to a modification (*De Costa v. Massachusetts etc. Min. Co.*, 17 Cal. 613; *Muller v. Boggs*, 25 Cal. 187; *Carpentier v. Gardiner*, 29 Cal. 160; *Beamer v. Freeman*, 84 Cal. 554).    And when upon an appeal from a judgment the respondent releases the appellant from that portion of the damages claimed in the action which is involved in the appeal, and withdraws from consideration by the court his right to a judgment upon his claim for such damages, it is proper to direct the court below to modify the judgment appealed from in accordance with such withdrawal.    The application of this rule is accentuated in the case of an appeal from a judgment rendered upon two causes of action set forth in the same complaint, where the appellant questions the right of recovery upon only one of them.    Whether respondent makes such consent for the reason that he is convinced that he cannot prevail in the action, or, as was suggested in *Carpentier v. Gardiner, supra*, because he prefers to remit the whole of the damages upon this cause of action rather than submit to the delay and inconvenience consequent upon a new trial, his motion for a modification of the judgment should be granted.

The release by the respondent of all claim for the damages thus sustained, and his consent that the judgment be modified by striking out that portion thereof which authorizes a recovery upon this issue, has the effect to withdraw from consideration upon this appeal all matters involved in the rendition of this portion of the judgment, and to leave for determination only the judgment rendered upon the other issue presented by the com-

plaint.   The judgment of this court upon the former appeal denying the appellants' motion for a new trial upon the issue presented by the claim for excessive charges paid for milling the ores, and directing that judgment be entered against them for the amount found by the court to be the amount of that excess, was a final determination of the rights of the parties upon that issue, and the action of the superior court in entering such judgment was a compliance with the mandate of this court, and, as its judgment upon this issue is in strict accordance therewith, there is no ground for an appeal therefrom, and this portion of the judgment must be affirmed.

The proposition of the appellants that, if the second cause of action is withdrawn, they are entitled to costs incurred by them upon the second trial, is contrary to the provisions of section 1022, subdivision 3, of the Code of Civil Procedure.   The prevailing party is entitled to costs incurred by him whether his recovery be for the whole or a portion of his claim, or whether his claim be made up of one or several causes of action.   The only limitation upon his right to his costs is that he shall recover three hundred dollars or over.   The right to recover costs is purely statutory, and, in the absence of a statute, no costs could be recovered by either party.   By section 1024 of the Code of Civil Procedure costs are allowed to the defendant only "upon a judgment in his favor."

The cause is remanded to the superior court, and that court is directed to modify its judgment herein by striking out those portions thereof which authorize a recovery from the appellants of "the further sum of $417,683, with interest thereon at the legal rate from the eleventh day of June, 1892, upon the issue presented by the claim for damages sustained by reason of the imperfect and fraudulent milling of said ores, together with plaintiff's costs disbursed at the former trial, amounting to the sum of $840.40, and the further costs given upon the second trial amounting to $1,564.50"; and also that portion thereof which directs that the plaintiff have execution for the said "further sum of $417,683, with interest thereon at the legal rate from June 11, 1892."   As so modified the judgment is affirmed. The costs of this appeal are to be borne by the respondent.

Henshaw, J., Garoutte, J., Temple, J., Beatty, C. J., and Van Fleet, J., concurred.