**LEAPAGA of Nu'uuli, Plaintiff**

**v.**

**TAUMUA L. of Nu'uuli, Defendant**

No. 8-1938

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Oloalii" in Nu'uuli]

March 2, 1939

56

ARTHUR A. MORROW, *Chief Justice;* and PULETU, *Associate Judge.*

Heard at Fagatogo on February 9, 1939, 

Counsel: Taumua for himself; Maluia for Leapaga.

DECISION AND DECREE

ARTHUR A. MORROW, *Chief Justice.*

The land Oloalii in Nu'uuli was surveyed by Taumua of Nu'uuli and offered by him for registration as his property on June 10, 1938. See Section 74 of the Codification. He filed the survey of the land at the time of the offer to register. Leapaga of Nu'uuli objected to the registration of the surveyed tract as the property of Taumua. Hence this litigation.

At the outset it should be stated that the proponent and the objector each claimed the land as his matai property and not as his individual property.

57

While there was some conflict in the testimony of the witnesses, it clearly appears therefrom that the essential facts in the case are as follows:

Shortly before the establishment of the Government in 1900, a former Taumua was living on and in possession of the land Oloalii and making use thereof. At the time of his death which occurred while he was still so occupying and using the same, his children voluntarily left Oloalii, and thereupon Leapaga went into possession and has so continued to the present time. The above Taumua is buried on the land as are several members of the Leapaga. The present Leapaga built a cement house on Oloalii more than twenty years ago and has lived in it ever since. Taumua and Leapaga are matais in the same family. Leapaga has been in the actual, visible and exclusive possession of the property for more than twenty years claiming it as his own matai land. There was no evidence that the Leapaga had actually ousted the Taumua from possession or refused to let him into joint possession with himself. The present Leapaga and the present Taumua do not desire to hold the land jointly.

Since there are no objectors to the proposed registration other than Leapaga it follows, under the uniform interpretation by this Court of the above Section 74, that claims, if any exist, of all persons other than the objector and proponent are barred.

In view of the evidence that both are matais in the same family and the further facts in the case, we conclude that at the time of the establishment of the Government, this land was, under Samoan customs, the property of the family of Leapaga and Taumua; that the two matais were at that time co-owners of the land. The extension of the jurisdiction of the United States to the Island of Tutuila in 1900 did not affect private land titles. 1 *Hyde, Int. Law*, p.

235; *United States v. Percheman*, 7 Pet. 51, 86–87; *Talo v. Poi*, No. 16-1937; *Ilaoa v. Toilolo*, No. 5-1937.

If the two matais were co-owners at the time of the establishment of the Government, they were, according to the evidence, co-owners at the time the offer to register was made, unless the Taumua has lost his interest in the land through the operation of the doctrine of adverse possession.

As before stated, there was evidence that the Leapaga had been in the actual, visible and exclusive possession under a claim of ownership for a period of more than twenty (20) years preceding the offer to register.

This Court has decided that the Statute of 21 James I, C. 16, limiting actions for the recovery of real property, subject to certain exceptions not applicable here, to twenty years is a part of the law of American Samoa by virtue of Section 3(1) of the Codification of the Regulations and Orders for the Government of American Samoa. *Talo v. Poi*, No. 16-1937. It follows from this that if Leapaga was in adverse possession of the land as against his cotenant, the Taumua, Leapaga has the entire title.

That "A tenant in common may acquire title to the entire property by adverse possession, based on an ouster of his co-tenants, and an assertion of title to the entire property in himself" is well established. See 62 *Corpus Juris*, Tit. Tenancy in Common, Sec. 43, and cases cited. However, it is to be observed that under the legal principle stated there must be an ouster by one cotenant of another in order to make the doctrine of adverse possession applicable.

Referring to subject of "ouster" by one cotenant of another, Tiffany in his work on Real Property says at pp. 389–90, "In the case of cotenants, since each is entitled to the possession, the mere fact that one is in possession and the other is not does not presumptively show an ouster, as

59

is the case as between strangers. Nor will it be shown by the mere appropriation by one cotenant of all the rents and profits, though such appropriation may have that effect if accompanied by a notorius [sic] claim to the exclusive ownership. The refusal to let a cotenant into possession, with knowledge of his claim of title, accompanied by a denial thereof, constitutes an ouster; but it does not result from the making of a deed for the whole property by one cotenant, though it will generally be presumed if the grantee enters and claims the whole title. The cotenant who is excluded from possession must in all cases have actual or constructive knowledge of the facts constituting the alleged ouster in order to give the acts that character for the purpose of asserting a title by lapse of time." To the effect that there must be an ouster in order that one cotenant may assert adverse possession as against another, see *McClung v. Ross*, 5 Wheat. (U.S.) 116; *Stevens v. Wait*, 112 Ill. 544; *Killmer v. Wuchner*, 74 Iowa 359. And that the cotenant ousted must have had knowledge, actual or constructive, of the facts constituting the ouster before his cotenant can assert title through adverse possession is established by *Barr v. Gratz's Heirs*, 4 Wheat. (U.S.) 213; *McClung v. Ross, supra, Packard v. Johnson*, 57 Cal. 180; *Grand Tower Min., Mfg. & Transp. Co. v. Gill*, 111 Ill. 541; *Warfield v. Lindell*, 30 Mo. 272, 77 Am. Dec. 614, 38 Mo. 581, 90 Am. Dec. 443; *Culver v. Rhodes*, 87 N.Y. 348.

The mere fact that Leapaga had possession of the land Oloalii to the exclusion of Taumua for more than twenty (20) years preceding the offer to register does not of itself prove an ouster; nor does the fact that Leapaga appropriated the fruits of the land to the use of himself and his children for that period. It does not appear from the evidence that Leapaga at any time prior to the beginning of the twenty year period preceding the offer to regis-

60

ter refused to let the Taumua into joint possession with him. While there was evidence that Leapaga claimed the land as his own matai property for twenty years preceding the offer to register and while his possession was actual, visible, and exclusive during that time, still it did not appear that notice of his claim of sole ownership was brought to the actual notice of the Taumua twenty years prior to the offer to register. And we do not think, in view of Samoan customs as to the use of family land, that Taumua can be charged with constructive knowledge of Leapaga's claim of sole ownership. As far as the Taumua are concerned the actual, visible and exclusive possession by Leapaga during the period of his occupancy is perfectly consistent with a belief on the part of the Taumua that Leapaga's occupation was that of a cotenant of Taumua, and not under a claim of sole ownership and consequently adverse to the interest of the cotenant Taumua. It follows from what has been said that Leapaga's possession was not adverse to Taumua and that both matais were co-owners of the land Oloalii at the time of the offer to register.

It was apparent at the trial and at the time of the visit of the Court to view the land in the presence of the proponent and the objector prior to the trial that they do not wish a joint possession of the land.

█ In view of the fact that Leapaga has put up a cement house on the property together with a cook house, Taumua having made no improvements thereon, it would be inequitable to decree joint possession. It is possible to make a decree dividing the land between the two matais and registering it which will be equitable considering the nature of the property and the fact that all of the improvements thereon have been made by Leapaga. Fortunately the Court had the advantage of a view of the property just prior to the trial.

It is hereby ORDERED, ADJUDGED and DECREED that the following described land be registered as the communal family land of the Leapaga:

Beginning at a point from which the following bearings and distances were taken:

Center of Puailoa's Samoan house 125 degrees 5 minutes distance 25 feet, Northeast corner Leapaga's European house 199 degrees 45 minutes distance 33 feet; Northwest corner the same house 234 degrees 29 minutes distance 46 feet; center of Puailoa's grave 252 degrees 5 minutes distance 50 feet; Southeast corner of Leapaga's cement house 327 degrees 56 minutes distance 33 feet 4 inches. Thence from said point 476° 59' for 119 feet; thence 9° for 93 feet 5 inches; thence 97° 52' for 118 feet 3 inches; thence 188° 53' for 91 feet to the point of beginning.

And it is hereby ORDERED, ADJUDGED and DECREED that the following described land be registered as the communal family land of the Taumua:

Beginning at a point which is the westerly end of the abovementioned boundary with a bearing of 276° 59' and a distance of 119 feet; thence 276° 59' for 66 feet 8 inches; thence 284° 17' for 52 feet 10 inches; thence 9° 47' for 88 feet 7 inches; thence 97° 52' for 118 feet 3 inches; thence 189° for 93 feet 5' to the point of beginning.

It is further ORDERED that Leapaga shall have until April 20, 1939, to remove from that part of the land Oloalii above ordered, adjudged and decreed to be registered as the communal, or family, land of the Taumua any cook house or other improvement erected thereon by Leapaga.

Costs in the sum of $12.50 are hereby assessed against Leapaga; and costs in the sum of $12.50 are hereby as-

sessed against Taumua. All costs to be paid by April 20, 1939.

The Associate Judge concurs.